W. W. OVERMAN v. J. M. SIMS.

*Controversy without Action—Conditional Limitations.*

1. In the submission of a controversy without action, the statement of facts upon which the judgment of the Court is asked, should not be a mere narration of the facts out of which the controversy arises, but should contain a statement of the subject matter and nature of the controversy and of the conflicting claims of the litigants.

2. Where no members of a class to whom a conditional limitation is limited are *in esse*, a proceeding for partition to which all of the parties in interest who are *in esse* are parties, will not give them a fee simple.

3. Land was conveyed to T T and his heirs, to hold for the use of M T for her life, and at her death to such child or children, and the representatives of such, as she shall have by T T living at her death, and their heirs forever. M T had two children by T T living, but such children had no issue; *Held*, that M T and her children by T T could not convey a fee simple in the land, and the fact that the land had been divided by a proceeding for partition did not cure the defect.

(*McKeithan* v. *Ray*, 71 N. C., 165; *Moore* v. *Hinnant*, 87 N. C., 505; *Hager* v. *Nixon*, 69 N. C., 108; *Lewis* v. *The Commissioners*, 74 N. C., 194; *Ex parte Dodd*, Phil. Eq., 97; *Watson* v. *Watson*, 3 Jones Eq., 400; *Williams* v. *Hassell*, 74 N. C., 484; *Ex parte Miller*, 90 N. C., 625; *Young* v. *Young*, at this Term; cited and approved).

CONTROVERSY submitted without action, heard by *Montgomery, Judge*, at Chambers, in Charlotte, on April 22d, 1887.

The following agreed statement of facts is submitted to the Court, as a controversy without action, under §567 of *The Code:*

In the year 1879, Thomas R. Tate purchased at a sale under execution, three fifths of the real estate known as the Overman home place, in the city of Charlotte. The sheriff of Mecklenburg county conveyed the same by deed to Thos. R. Tate and his heirs, to hold for the sole and separate use of Mary C. Tate, for her life, and at her death to such child or children, and the representatives of such, as she shall

have living by Thomas R. Tate, and their heirs forever; but should the said Mary C. Tate die without a child, or representatives of such, living at her death, then to the said Thomas R. Tate, and his heirs forever.  In 1874, Thomas R. Tate died, leaving surviving him his widow Mary C. Tate, a number of children by a former marriage, and Caswell Tate and Annie Tate, children of Mary C. Tate.

In 1886, the plaintiff was the owner in fee simple of four fifths of the remaining two fifths of the said real estate, and was also owner of one fifth of said two fifths during the life of Charles Overman.   C. H. Overman was the owner of the remainder in the said one fifth of two fifths after the death of Charles Overman.

In November, 1886, the plaintiff brought his action for partition of the premises before the clerk of the Superior Court of Mecklenburg county; making parties defendant the heirs at law of Thomas R. Tate, among the number Caswell Tate and Annie Tate, minor children of Thomas R. Tate and Mary C. Tate, C. H. Overman and Mary C. Tate.  Such proceedings were had, that there was a judgment for a partition of said premises, and commissioners were appointed to make said partition among the parties according to their respective interests.   The commissioners filed their report on the first day of January, 1887, and after due notice to all of the parties to said action, the report was confirmed without objection, by a judgment of the Court dated April 1st, 1887,

On the 7th day of April, 1887, the plaintiff and the defendant Sims, entered into a contract in writing, properly executed, by which the plaintiff obligated himself to convey to the defendant by deed with full covenants of seizin and warranty, a part of the land allotted to the plaintiff in the action for partition, and fully described in said contract; and the defendant agreed to pay to plaintiff upon the receipt of such deed, the sum of eighteen hundred and fifty-six dol-

lars and twenty-five cents.   On the 18th day of April, 1887, the plaintiff offered to deliver to the defendant a good and perfect deed with full covenants of seizin and warranty, as he had contracted to do.   The defendant refused to accept such deed, upon the ground that the plaintiff's title was defective, for the reason that the plaintiff had no right to have partition of the premises.

Upon this submission, the Court at Chambers declared the title of the plaintiff to be defective, and adjudged that the defendant go without day and recover his costs.

From this judgment the plaintiff appeals.

*Messrs. Osborne* and *Maxwell* filed a brief for the plaintiff. *Mr. Platt D. Walker,* for the defendant.

SMITH, C. J., (after stating the facts).   We do not approve of this method of presenting a mere narrative of the facts, out of which the controversy springs, without any statement of the subject-matter of contention, and the conflicting claims of the litigants to be passed on and decided.   While formal pleadings are not required, nor any preliminary process, to secure jurisdiction, the statute manifestly contemplates the existence of a *controversy*, and the case agreed should set out its nature, so that the Court may understand what is intended to be submitted, and render an intelligent decision.   An analogy in the practice is found in suits in equity, when a bill of interpleader is filed to bring contesting claimants to the thing in the hands of the complainant, before the Court, for a binding and definite determination of the right, in which the contentions of the adversary parties are set out; and similar in this feature is the bill filed by a trustee to obtain the advice of the Court as to the disposition of a trust fund among rival claimants.   Story Eq. Pl., §292.

The form prescribed by the author of Abbott's Forms, vol. 2, page 710, under the same clause, specifically describes the

controversy arising upon the facts, and the rulings to be made according to the opinion of the Court of their legal operation; and such is the form of presenting the matter in many of the adjudications of this Court. *McKeithan* v. *Ray*, 71 N. C., 165; *Moore* v. *Hinnant*, 87 N. C., 505.

But there are precedents where jurisdiction has been assumed and exercised, and the nature of the controversy inferred from the mere statement of the facts. *Hager* v. *Nixon*, 69 N. C., 108; *Lewis* v. *Commissioners*, 74 N. C., 194; in neither of which were the rulings to be made pointed out, and in the former the agreement was, that the Judge "hear and determine the case, and render judgment therein, as if an action presenting this point were depending before him."

But most obviously as the Court cannot go outside of the case, for it constitutes the entire record, there should be in it some substitute for the pleadings in an ordinary action, in a brief explanation of the subject-matter of the contesting claims, and enable the Court to "hear and determine the case," thus presented.

Upon the merits of the case, we concur in the opinion of the Judge, that a full and absolue title, free from contingent limitations, and such as the contract specifies, cannot be made to the premises. The deed of the sheriff is not in the transcript, but according to its provisions, as set out in the case, it makes a limitation, to take effect at the death of the life-tenant, Mary C., to such of the children and the representatives of such as meanwhile may die, of herself and husband Thomas R., who may then be living, and as it is uncertain who may fulfill these conditions, the estate is contingent, and none of that class are known to represent the others and to bind them in the partition proceeding.

It is true, as argued in the brief of plaintiff's counsel, the title of the vendor would be good, if the two living children, Caswell and Annie, should both die before their mother with-

out issue, for in such event, the limitation over would be to Thomas R., their father in fee, and both he and they are parties to the suit for partition. But the contingency would remain, that the issue of Caswell and Annie would become entitled, if such there were, upon the death of the life-tenant, if Caswell and Annie were not then living to take. *Dodd ex parte*, Phil., Eq., 97; *Watson* v. *Watson*, 3 Jones Eq., 400; *Williams* v. *Hassell*, 74 N. C., 484; *Miller ex parte*, 90 N. C., 625; *Young* v. *Young*, at this Term.

There is no error.

No error. Affirmed.