THE PIEDMONT R. R. CO. and THE RICHMOND & DANVILLE RAILROAD CO., Lessees, v. THE TOWN OF REIDSVILLE.

*Constitution—Case Agreed—Inter-State Commerce—Taxation—Municipal Ordinance.*

1. The summary method provided by *The Code* for the submission of an action upon a case agreed, contemplates that all the facts necessary to a determination of the questions submitted shall be fully stated in the case agreed; and where it appeared that some of the facts were recited in exhibits which were not attached, and that leave was given the parties to add other matters, the cause was remanded to be perfected.

2. The ordinance of the town of Reidsville imposing an annual tax upon a railroad company, organized under a charter granted by the State of North Carolina, whose track runs through the corporate boundary, is not a tax upon inter-state commerce, nor upon the instruments employed in the transportation of such commerce.

3. Such a tax is not obnoxious to the Constitution of the State, or of the United States, notwithstanding the fact that the property of the railroad may have been taxed, *ad valorem*, under the general revenue laws of the State.

CONTROVERSY, without action, submitted upon a case agreed, heard before *Connor, J.,* at July Term, 1888, of ROCKINGHAM Superior Court.

This proceeding is under section 567 of *The Code,* and its object is to obtain the decision of the Court upon the question of the validity of a tax imposed on the plaintiff by a municipal ordinance passed by the defendant. The facts agreed are as follows:

1. The town of Reidsville is a municipal corporation, organized under the laws of North Carolina.

2. It has passed an ordinance levying fifty dollars ($50) tax on every railroad company running its road through its corporation.

3. The Piedmond Railroad Company is a corporation organized under the laws of North Carolina, and its track runs through the town of Reidsville.

4. The Piedmont Railroad Company has depots, tracks, road-bed and other corporate tangible property in Reidsville, which is taxed by the State, county and town as other corporate property, *ad valorem*, under the Constitution.

For taxation, the road is valued at $10,000 per mile by the properly constituted assessors.

5. The Richmond and Danville Railroad Company is the lessee of the Piedmont Railroad, and is in possession thereof.

The plaintiffs resist this tax as unconstitutional, and the matter in difference is submitted, without action, under section 567 of *The Code.*

The Court adjudged that the Town of Reidsville is authorized to levy the tax of fifty dollars imposed under the ordinance of said town against plaintiff company, and that the same is not unconstitutional; that the action be dismissed, and that the plaintiff pay the cost thereof; from which the defendants appealed.

*Mr. F. H. Busbee,* for the plaintiffs.
No counsel for the defendant

SMITH, C. J. This method of procedure, introduced in *The Code* as a summary and inexpensive way of securing a judicial determination of matters in law, contemplates somewhat a proceeding in the nature of a special verdict under our former system, a complete and concise statement of all the facts necessary to a solution of the controversy. The statement before us refers to exhibits A and B, said to be, but are not, annexed, nor in the file. Again, in the case on appeal (wholly unnecessarily) it is left to either party to add to the facts in the case agreed the public laws taxing railroads, and any action taken by the board of appraisers and

assessors in the valuation of the plaintiff company, thus introducing new matter in the case agreed, which is wholly inadmissible, because the controversy is to be determined solely upon the facts therein contained.

For these reasons the cause must be dismissed or remanded, and we prefer the latter course, because, when amended so as to present all the facts--not by references, to be hunted up, but in direct and positive form—it may be decided in the Court below, and reviewed, on appeal, in this.

We are unable to see any well-grounded objection, founded upon the Constitution of the United States, or of this State, to the tax put upon the defendant. It is in no sense a tax upon inter-state commerce—that is, upon freight or passengers conveyed out of this State into another State, or brought from the latter into this State, nor upon the coaches and cars, instruments of such commerce employed in such transportation. The tax is upon the corporate body, created by the State, and doing business within the corporate limits of the town, and this liability cannot be evaded by the fact that the road transports beyond as well as within the boundaries of the State   It is such commerce as is carried on between the States, as a distinct species of taxable property, that is protected by the Constitution of the United States from State assessment, when separately taxed, or when intermingled with that which is purely and solely State.

In *State Tax on Railway Gross Receipts*, 15 Wall., 284, a tax upon the gross receipts of a railroad, though entering into the aggregate sum derived from a transportation beyond the State lines, is held not to be an invasion of the exclusive right to regulate commerce between the States, and the distinction is taken between a tax upon freights carried between States, *because of their carriage*, and a tax upon the freights of such transportation after they have become intermingled with the other property of the carrier.

Again, a tax of one-fourth of one per cent., in addition to other taxes, upon the value of every share of its stock, with a proviso that when the road so taxed lay partly within and partly without the State, the company should only be responsible to the State levying the tax upon such number of shares as would be in the same ratio to the whole as the number of miles of its track in the State bore to the entire line of the road. This was upheld as not interfering with inter-state commerce. *The Delaware Railroad Tax,* 18 U. S., 206.

So has it been decided that a railroad, 455 miles in length, of which 42 only were within the State that incorporated the company, was " doing business within the latter State, and subject to a tax imposed upon all railroad companies doing business within the State, and upon whose road freight may be transported." *Erie Railway Co.* v. *Pennsylvania,* 21 Wall., 492.

It is then manifest that the municipal tax imposed by the defendant invades no prohibitory provision contained in the Constitution of the United States.

We are equally clear that it is not repugnant to our own organic law, nor does it depart from the principle of uniformity therein recognized. The tax is imposed upon every railroad " running its road through its corporate limits," and whether it be called a privilege tax, or by some other name, it is imposed upon its business in the town ; or, if the road simply passes over the corporate territory, in view of the perils to the place, it is a tax which the State can authorize, and, when imposed under such authority, is valid.

Nor is it wanting in uniformity, as the term is defined by Mr. Justice MILLER, speaking for the Court, *Railroad Tax Cases,* 92 U. S., 575, and followed by this Court in *Worth* v. *Railroad,* 89 N. C., 291.

While we give our opinion upon the point intended to be presented, for reasons stated it must be remanded, and is so ordered.                    Remanded.