*W. W. OVERMAN v. M. C. TATE et al.

*Partition—Contingent Remainder—Persons not In Esse—Trustee.*

1. Where there are contingent interests to be affected by the proceeding for the sale of land for partition it will be decreed if there is some one before the Court to represent such interest, it being a general principal that every one has a right to enjoy his own in severalty.

2. The interest in land of one co-tenant was conveyed to T. and his heirs in trust for the sole and separate use of T.'s wife for life "and at her death to such child or children and the representatives of such as she shall have living by the said T., and their heirs forever," and in default of such child or representative of such living at the death of the wife, then to T. and his heirs; T. died leaving him surviving his wife and two children by her, as well as children and grandchildren by a former marriage: *Held*, in a suit for a sale for partition to which all of the persons named, together with the trustees, are parties and ask for the sale, the co-tenant is entitled to have the land sold for partition.

This was a RULE upon S. Wittkowsky, purchaser of the land described in the petition for partition, to compel him to comply with the terms of the sale, heard first before the Clerk of Mecklenburg Superior Court and then by appeal before *Boykin, J.*, holding the Courts of the Eleventh District, at Chambers.

The respondent, S. Wittkowsky, filed an answer to the rule, alleging that the title to the land was defective and setting forth the facts upon which he based his claim or allegation. The plaintiff demurred to this answer and the Clerk sustained the demurrer, and independently of it held the answer to be insufficient and made the rule absolute. This ruling was affirmed by the Judge on the appeal and

*BURWELL, J., having been of counsel, did not sit on the hearing of this case.

then the said respondent, Wittkowsky, excepted and appealed to the Supreme Court.

The pertinent facts are stated in the opinion of Chief Justice SHEPHERD.

*Messrs. Walker & Cansler*, for plaintiff.
*Mr. Geo. F. Bason*, for defendant Wittkowsky (appellant).

SHEPHERD, C. J.: The petitioner, W. W. Overman, is the absolute owner in fee of a two-fifths interest in the land described in the petition, and in 1869 Charles Overman was the absolute owner of the remaining three-fifths interest therein. The interest of Charles Overman was sold under execution and purchased by Thomas R. Tate, who caused the Sheriff to execute to him a deed containing the following limitation: "To have and to hold to him the said T. R. Tate, his heirs, executors, administrators and assigns, for the following purposes, to-wit, to the sole and separate use of Mary Cornelia Tate, wife of said Thomas R. Tate, for her life, and at her death to such child or children and the representatives of such as she shall have living by the said T. R. Tate, and their heirs forever. Should the said Mary Tate die without a child or representative of such living at her death, then to the said Thomas R. Tate and his heirs forever." Thomas R. Tate died some years ago, leaving him surviving his widow, Mary Tate, and two children, Annie Tate and J. Caswell Tate, and several children and grandchildren by a former marriage.

This proceeding was brought by the petitioner for the purpose of having the land sold for partition, and all of the above-named persons who are interested, together with an infant child of Annie Tate and the heirs at law of Thomas R. Tate (who succeeded him in the trust), are joined as parties defendant.

The land not being susceptible of an actual division, it was decreed that it should be sold, and at the sale S. Wittkowsky became the highest bidder in the sum of $15,110. The purchaser refuses to comply with the terms of the sale on the ground that he has been advised that by reason of the contingent limitations in the deed above named to persons not *in esse* he will not acquire a good and indefeasible title. Under the decisions in the case of *Aydlett* v. *Pendleton*, 111 N. C., 28, and the cases cited in the opinion, the objection would seem to be well taken, and so in the case of *Overman* v. *Sims*, 96 N. C., 451, where this particular limitation was considered by the Court, it was held that a title could not be made so as to bind such contingent interests. The Court said: "But the contingency would remain, that the issue of Caswell and Annie would become entitled, if such there were, upon the death of the life tenant, if Caswell and Annie were not then living to take."

There are several cases in our Reports and many to be found cited in the text-books in which a sale has been denied although the Court could readily see that the ends of justice as well as the interests of the parties would be promoted by decreeing otherwise. The difficulty in such instances consists in the fact that there is no one before the Court who represents the contingent interests, and as these are not concluded an indefeasible title cannot be made to the purchaser. Where, however, this objection can be avoided, the Courts are not slow in proper cases to give effect to the general principle that every one has a right to enjoy his own in severalty, and this is well sustained by a public policy which discourages everything like the tying up of property and the prevention of its alienation. In accordance with this policy it was laid down by Lord HARDWICKE in the leading case of *Hopkins* v. *Hopkins*, 1 Atk., 590, that, "If there are ever so many contingent

limitations of a trust it is an established rule that it is sufficient to bring the trustees before the Court, together with him in whom the first remainder of inheritance is vested; and all that may come after will be bound by the decree, though not *in esse,* unless there be fraud and collusion between the trustees and the first person in whom the remainder of inheritance is vested." This principle has also been applied in some jurisdictions where the first remainder in trust was for life and such remainderman and the trustee were parties and united in the prayer for relief. We are not prepared to adopt this latter view, but we think that under the circumstances of this case the contingent interests are sufficiently represented.

It is true that the interests of Annie and Caswell Tate cannot be said to be vested estates of inheritance, so as to comply strictly with the rule laid down by Lord HARD-WICKE, but they are remainders in fee subject to be defeated only by their death without issue before the death of their mother, in which event it is to vest in the heirs at law of Thomas R. Tate. All of these parties, together with the infant child of Annie, who is the representative of a class who take simply as representatives of their parents, are before the Court. Under these peculiar circumstances, the legal title being in the trustees (*King* v. *Rhew,* 108 N. C., 616), we think that the contingent interests are of such a character as to be represented by them.

The attention of the Court in *Overman* v. *Syms, supra,* does not seem to have been directed to the fact that the limitations were in trust; nor was the child of Annie (now Mrs. Weaver) born at that time. These considerations render it unnecessary to review the previous decisions of this Court. It must not be understood that this ruling modifies the principle that, as a general rule, the *cestui que trustent* must be joined as parties in all matters concerning the trust property.

As all of the parties united in asking that the property be sold we must affirm the order of the Court below. The proceeds of the sale should, be so invested as to conform to the limitations of the trust.                      Affirmed.