MARY J. LITTLE, widow and executrix,*et al.* children and devisees of B. F. LITTLE v. PETER M. BROWN.

(Decided May 29, 1900.)

### *Will—Devise—Construction.*

1. Where the testator, after giving his wife, for life, certain personal property, and a child's part of the balance of his estate, real and personal, wills the remainder, real and personal, to be divided among all his children equally, including any after-born children, the devise to the children is in fee simple.

2. An additional provision in case of the death of any of the children without issue living at his death, his share to go to the surviving children or their representatives, gives no estate to the representatives by way of a substitution, being words of limitation, meaning "their heirs." As executory devisees, the children may bind their heirs and convey and release absolutely their contingent interests—the children being the primary object of testator's bounty.

3. The children take a vested remainder in the child's part for life devised to their mother, subject only to the limitation "to the surviving children or their representatives."

CONTROVERSY WITHOUT ACTION, submitted to *McNeill, J.,* at October Term, 1899, of MECKLENBURG County—the object being the construction of the will of B. F. Little, deceased, of Richmond County, N. C., to ascertain whether the devisees could make a good title for a part of the real estate to the defendant, purchaser. His Honor decided that they could, and rendered judgment in their favor for the purchase money. Defendant excepted and appealed.

The controverted clauses of the will are considered and construed in the opinion.

*Messrs. Burwell, Walker & Cansler,* for appellant
*Mr. H. W. Harris,* for appellee.

LITTLE *v.* BROWN.

CLARK, J. This is a controversy submitted without action. The plaintiffs, the widow, the executor and executrix of the testator, and his heirs-at-law and devisees, vendors of land, seek to compel the defendant vendee to comply with his agreement to purchase, by accepting their deed and paying the purchase money. The defendant resists their claim upon the ground that the deed does not convey an indefeasible estate in fee, and that he can not be compelled, unless the deed should vest in him such an estate. The determination of the controversy depends upon the construction of the following clauses in the will of B. F. Little: "I give and bequeath and devise unto my beloved wife, Mary Jane Little, for the term of her natural life, all my household and kitchen furniture, including all my books, and a child's part of the balance of my estate, real and personal. The remainder of my estate, real and personal, I wish to be divided among all my children equally, share and share alike, and my will is to include any child or children that may be born after this date." This last clause was a devise in fee simple to all his children. This he made defeasible by adding the following limitation to surviving children: "Should any one of my children die without issue living at his or her death, then the property and estate of the one so dying, to go to my surviving children or their representatives." This condition must be construed to be operative at the earliest period, which is the death of all the children. The words: "or their representatives" are words of limitation, meaning "their heirs," and give no estate to the representatives by way of substitution. Hence all his surviving children (and the children of those deceased, if any there had been), as executory devisees, may now bind their heirs and convey and release absolutely their contingent interests. *Corlyn v. French,* 4 Ves., 418; 2 Jarman on Wills, 625.

48——126

The testator gives the wife an equal share with his children, a "child's part," as he terms it, and directs that the tract of land and residence where he lives should be included in her share, and restricts her devise 'to her life. He describes the property given to his children as "the remainder of my estate real and personal." The limitation over to "surviving children or their representatives" on the contingency of anyone of them dying without leaving issue, makes the fee simple estate of the children defeasible, but does not operate to tie up the estate. That construction would give the grandchildren an absolute estate in both the original and accrued shares going to them, while *his children,* the primary objects of his bounty, would be deprived of absolute ownership of the original shares.

The cases of *Overman v. Sims,* 96 N. C., 451, and *Overman v. Tate,* 114 N. C., 571, differ from this. There, the clause for construction was as follows: "To the sole and separate use of Mary Cornelia Tate, wife of said Thomas R. Tate, for her life, and at her death to such child or children and the representatives of such as she shall have living by the said T. R. Tate, and their heirs forever. Should the said Mary Tate die without a child or representative of such living at her death, then to the said Thomas R. Tate and his heirs forever." The words there used are plainly substitutional, and the issue of the child or grandchild is the object of the bounty, and are to take after a life estate. Here, the children are the objects of the testator's bounty. They are given a fee simple made defeasible upon death without issue, in which event their interest is to go to the other children of the testator, and the issue of such as may be dead, leaving issue.

But the defendant contends further that the testator's wife has a life estate in an undivided share of this real estate,

equally with the children, and that the remainder, after her life estate in that share, is so limited that she and the children can not now make a good and indefeasible title. The clause of the will on which that contention is based is found in the fifth item as follows: "At my wife's death, it is my will and desire that all the property and estate, real and personal, that I have left to her for life, shall be equally divided among my children, and the issue of any deceased child or children." But this should be read with the concluding clause of the same item of the will, to-wit: "It being my intention that all my children shall receive an equal share in valuation of all my estate, real and personal, left to my wife for life." In this last clause he shows by express terms that he considered he had already given to his children equally the remainder in fee after her life estate in one equal share, thus making their estate a vested remainder, without any other limitation over than that which follows in the next clause, "'To surviving children or their representatives."

In the devise to his wife, her life estate and the vested remainder thereafter to his children had already been devised by the first and second clauses, and the fifth item was intended simply to provide for the time and manner of the division of that share. There is no devise or bequest whatever in the fifth item, and it was manifestly not the testator's intention to limit any estate by its provisions, but only to direct the division of the real estate devised to his wife, and especially the family residence.

The deed tendered conveyed a valid title in fee, and the judgment of the Court below must be

Affirmed.