HARRILL BROTHERS v. SOUTHERN RAILWAY COMPANY.

(Filed 14 May, 1907).

**Attorney and Client—Authority of Attorney—Judgment—Motion to Set Aside.**—Upon the appearance of record of a· reputable attorney for his client, ample authority of the attorney to act as such is assumed by the Court, which ordinarily cannot be questioned; therefore, a motion to set aside a judgment entered upon an agreed statement of facts, on the ground that the attorney who signed the agreement for the defendant misunderstood the extent of his authority, and that the statement should first have been submitted to the division counsel, was properly denied.

CIVIL ACTION, heard before *Guion, J.,* at February Term, 1907, of the Superior Court of RUTHERFORD County. Judgment for plaintiff, and defendant appealed.

*McBrayer, McBrayer & McRorie* for plaintiffs.
*W. B. Rodman* and *S. H. Busbee & Son* for defendant.

WALKER, J.  This is a motion to set aside the agreed statement of facts and the judgment thereon which was rendered by *Judge Justice* at a prior term. The motion was made before *Judge Guion* at February Term, 1907, of Rutherford Superior Court. The ground of the motion is that the attorney who consented to the case and agreed to the submission of it to the Judge for his decision and judgment, which are set out in the former opinion of this Court at this term, misunderstood his associate counsel as to the extent of his authority, and that the case should have been passed upon by the division counsel of the defendant before being adopted and submitted to the Judge. Counsel wished to insert in the case the alleged fact that the defendant's agent, at the time the plaintiffs demanded the delivery of the goods, required the production of the bill of lading, which the plaintiffs refused to produce. The judgment was signed 10 November, 1906, and this motion was made at February Term, 1907. The counsel who signed the case-agreed in behalf of the defendant was actually its attorney at the time, and representing it in this case at the term of the Court when the case was settled. He had, apparently, all the authority necessary to act in the premises, and because he failed to observe special private instructions as to the manner of defending the suit is no reason, in our opinion, under the circumstances of this case, why the judgment should be set aside, as he appeared to be clothed with general authority to act for the defendant. *Greenlee v. McDowell,* 39 N. C., 485; *Branch v. Walker,* 92 N. C., 89; *Beck v. Bellamy,*

93 N. C., 129; Weeks on Attorneys, sec. 222; *Rogers v. McKenzie,* 81 N. C., 164. In the last-cited case it is said: "If the existence of ample authority to act is assumed from the appearance of the attorney, with the sanction of the Court (and ordinarily it could not be questioned), all the results must follow as if actual authority had been conferred, and among them the rightfulness of the defendant's payment." "It is the course of the King's Bench," said *Holt, C. J.* (1 Salk., 86), "when an attorney takes upon himself to appear, to look no further, but to proceed as if the attorney had sufficient authority, and to leave the party to his action against him, if he has suffered by his default." *Jackson v. Stewart,* 6 John., 3. And *Chancellor Walworth* said: "As a general rule, when a suit is commenced or defended, or any other proceeding is had therein, by one of the regularly licensed solicitors, it is not the practice of the Court to inquire into his authority to appear for his supposed client" (*Insurance Co. v. Oakley,* 9 Paige, 196; Weeks on Attorneys, secs. 198, 199), nor, of course, to stop and ascertain the extent of his authority.

The cases we have just cited were approved by this Court in *Rogers v. McKenzie, supra.* We refer especially to *Morris v. Grier,* 76 N. C., 410, and *Hairston v. Garwood,* 123 N. C., 345. As said by *Kent, C. J.,* in *Denton v. Noyes,* 6 John. (N. Y.), 295: "If the attorney for the defendant be not responsible or perfectly competent to answer to his assumed client, the Court will relieve the party against the judgment, for otherwise a party might be undone. I am willing to go still further and, in every such case, let the defendant in to a defense of the suit. To carry the interference further beyond this point would be forgetting that there is another party in the case equally entitled to our protection." This statement of the law was quoted with

approval and applied in the recent case of *Manufacturing Co. v. Railway,* 125 N. C., 17. In our case it is admitted that the attorney was authorized to represent the defendant, and if he did not act with judgment and in accordance with private instructions as to how he should conduct the suit, the remedy is not by setting aside the judgment, for no such case is shown in the record as entitles the defendant, under the authorities, to that relief.

No Error.