CONSOLIDATED REALTY CORPORATION v. E. S. KOON.

(Filed 19 April, 1939.)

**1. Appeal and Error § 19—**

Upon appeal from judgment entered in a submission of controversy without action, the agreed facts with the required affidavits, C. S., 3236, are necessary parts of the record proper. Rule of Practice in the Supreme Court 19.

**2. Controversy Without Action § 4—**

Where the facts agreed in the submission of a controversy without action are insufficient to support a judgment, the court may allow amend-

ments concurred in by all the parties, but may not hear evidence and find additional facts, since judgment may be entered only upon facts agreed submitted in writing in compliance with the statutory requirements. C. S., 3236.

**3. Trial § 52—**

The court may not hear evidence and find the facts, even with the consent of the parties, in the absence of pleadings properly filed.

APPEAL by defendant from *Pless, Jr., Judge,* at Chambers in Asheville, 28 March, 1939, of BUNCOMBE.

*Daniel M. Hodges for plaintiff, appellee.*
*Reed Kitchin for defendant, appellant.*

BARNHILL, J. The record contains a statement that summons dated March ...., 1939, appears in the original record, but the same is not included in this record. The record on appeal further states that this is a submission of controversy without action, and the judgment recites that the cause is heard upon the agreed statement of facts, exhibits and affidavits thereto attached, and admissions of counsel. However, while the affidavits required to be filed by C. S., 626, in the submission of a controversy without action are included in the record, the controversy without action, including the agreed statement of facts, is not. This is an essential part of the record under the rules of practice in this Court. Rule 19, 213 N. C., p. 816. The agreed facts, with the required affidavits, constitute the pleadings within the meaning of this rule.

It further appears that the court below found facts from evidence offered and that the defendant excepted to the facts found. Thus, apparently new matter was injected, which is inadmissible, because the controversy is to be determined solely upon the facts contained in the agreement. *R. R. v. Reidsville,* 101 N. C., 404, 8 S. E., 124. If the introduction of evidence and the finding of facts by the judge are to be taken as indicating that the cause was submitted on an oral agreement and no writing other than the statutory affidavit was filed, that is, no agreed statement of facts in writing was submitted, this is wholly insufficient.

In the present state of the record we are unable to proceed to a determination of the questions attempted to be submitted. If a controversy without action containing the facts agreed was filed in the court below judgment should be entered on the agreed facts. If the facts agreed are insufficient to support a judgment the court has the discretionary power to permit amendments thereto which are concurred in by the parties.

The record discloses that no pleadings were filed. Therefore, the cause cannot be disposed of upon controverted issues of fact presented by parol evidence. In the absence of a written stipulation of facts agreed no cause is pending. If this be the condition of the record judgment of dismissal should be entered.

This cause is remanded to the end that the court below may make disposition of the case in accord with this opinion.

Remanded.