ROBERT EDWARDS, SR., FATHER, AND BEATRICE EDWARDS, MOTHER, OF ROBERT EDWARDS, JR., DECEASED EMPLOYEE, v. CITY OF RALEIGH, EMPLOYER, SELF-INSURER.

(Filed 14 April, 1954.)

1. Controversy Without Action § 4: Master and Servant § 55d—

Where counsel for both parties sign an agreed statement of facts and submit same to the hearing commissioner, the cause must be determined on the facts agreed, and denial of motion before the full commission that movants be allowed to introduce newly discovered evidence is proper. On appeal, it is error for the Superior Court to remand the cause to the Industrial Commission for the reception of the newly discovered evidence, but

it should consider the appeal in respect of errors of law, if any, in relation to the facts agreed.

**2. Appeal and Error §§ 1, 2—**

An order of the Superior Court remanding the cause to the Industrial Commission is an interlocutory order, and an appeal therefrom to the Supreme Court is premature and is subject to dismissal. G.S. 1-277. However, the Supreme Court in the exercise of its supervisory jurisdiction may, in proper instances, determine the matter in order to obviate a wholly unnecessary and circuitous course of procedure. Constitution of North Carolina, Article IV, Sec. 8.

APPEAL by defendant from *Harris, J.,* November, 1953 Civil Term, of WAKE.

Proceeding under Workmen's Compensation Act (G.S. ch. 97, Art. 1) wherein the plaintiffs claim compensation on account of the death of their son while employed by the defendant.

On 26 March 1953, before Chairman J. Frank Huskins, as hearing commissioner, the plaintiffs and the defendant, through their counsel of record, signed and submitted an agreed statement of facts. Additional stipulations, *e.g.,* that Robert Edwards, Jr., and the City of Raleigh, a duly qualified self-insurer, were subject to and bound by the provisions of the Workmen's Compensation Act, etc., were entered in the record. No testimony was offered. Upon the stipulated facts, the hearing commissioner concluded as a matter of law that the fatal injury of Robert Edwards, Jr., did not arise "out of" his employment by the defendant; and an award was entered denying the plaintiffs' claim. Thereupon, the plaintiffs appealed to the full Commission, assigning as error the aforesaid conclusion of law. Also, the plaintiffs moved before the full Commission that they be allowed to introduce newly discovered evidence. The full Commission denied the plaintiffs' said motion; and, upon the findings of fact made by the hearing Commissioner, to wit, the stipulated facts, adopted his conclusions of law and affirmed the award.

Upon plaintiffs' appeal from the full Commission to the Superior Court, the court below entered an order that "this cause be and the same is hereby remanded to the North Carolina Industrial Commission to the end that said Commission shall receive such newly discovered evidence as the plaintiffs may offer." To the said order remanding the cause to the Industrial Commission, the defendant excepted and appealed.

*R. B. Templeton, Sr., and W. H. Yarborough for plaintiffs, appellees.*
*Paul F. Smith and William Joslin for defendant, appellant.*

BOBBITT, J. Parties through their counsel may make stipulations of fact. *Harrill v. R. R.,* 144 N.C. 542, 57 S.E. 382; *Lumber Co. v. Lumber*

*Co.,* 137 N.C. 431, 49 S.E. 946. Where a case is submitted upon an agreed statement of facts, the agreement as to the facts must stand unless set aside for fraud or mutual mistake. *Lumber Co. v. Lumber Co., supra; Hood v. Johnson,* 208 N.C. 77, 178 S.E. 855; *Hood v. Johnson,* 209 N.C. 112, 182 S.E. 709.

Such submission is in effect a request by the litigants that judgment be entered in accordance with the law as applied to the agreed facts. *Auto Co. v. Ins. Co.,* 239 N.C. 416, 80 S.E. 2d 35. "The court cannot, against the objection of one party to an agreed case, receive additional evidence touching the controversy, unless so authorized by stipulation in the agreement for submission." 2 Am. Jur., pp. 383-384, Agreed Case, sec. 22. As stated by *Winborne, J.,* in *Realty Corp. v. Koon,* 216 N.C. 295, 4 S.E. 2d 850: "The case is to be heard only upon the facts presented and the court cannot go outside of the statement of facts. McIntosh P. & P., 556. *McKethan v. Ray, supra; Overman v. Sims,* 96 N.C., 451, 2 S.E., 372; *Waters v. Boyd, supra; Wagoner v. Saintsing,* 184 N.C., 362, 114 S.E., 313; *Realty Corp. v. Koon,* 215 N.C., 459, 2 S.E. (2d), 360."

There being no allegation or suggestion of fraud or of mutual mistake in the submission of the agreed statement of facts, the court below should have considered the plaintiffs' appeal from the full Commission in respect of errors of law, if any, in relation to the agreed facts. The cause is remanded to the court below to the end that such hearing be conducted and adjudication made.

The defendant's appeal is from an order remanding the cause to the Industrial Commission, not from a final judgment. As stated by *Ervin, J.:* "an appeal does not lie to the Supreme Court from an interlocutory order of the Superior Court, unless such interlocutory order deprives the appellant of a substantial right which he might lose if the order is not reviewed before final judgment. G.S. 1-277; *Veazey v. City of Durham,* 231 N.C. 357, 57 S.E. 2d 377; *Emry v. Parker,* 111 N.C. 261, 16 S.E. 236." *Raleigh v. Edwards,* 234 N.C. 528, 67 S.E. 2d 669. However, since the plaintiffs cannot go outside of the agreed facts in the presentation of their cause, a further hearing by the Industrial Commission would be inconvenient, expensive and futile; and it would seem that this Court, under the facts of this case, in the exercise of its power "to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the inferior courts" (N. C. Const., Art. IV, sec. 8), should not require this wholly unnecessary and circuitous course of procedure.

Error and remanded.