STATE OF NORTH CAROLINA, ON THE RELATION OF THE UTILITIES COMMISSION v. MAYBELLE TRANSPORT COMPANY AND RYDER TANK LINE, INC.

(Filed 10 June, 1960.)

**1. Appeal and Error § 4—**

Only a party aggrieved may appeal from the Superior Court to the Supreme Court. G.S. 1-271.

**2. Appeal and Error § 3—**

An interlocutory order of the Superior Court is not appealable unless it deprives appellant of a substantial right which he may lose if the order is not reviewed before final judgment. G.S. 1-277.

**3. Appeal and Error § 2—**

The Supreme Court, in the exercise of its supervisory jurisdiction, may vacate an interlocutory order and remand the cause in the interest of expediting the administration of justice.

**4. Utilities Commission § 5—**

If the Superior Court remands a cause to the Utilities Commission under G.S. 62-26.10, it should specify the ground upon which its order is based, and where upon an appeal from the Utilities Commission upon exceptions to the findings of fact and to other portions of the order, the Superior Court remands the cause to the Utilities Commission without passing upon the exceptions and without reference to G.S. 62-26.9 or G.S. 62-26.10, the Supreme Court may vacate the order and remand the cause to the Superior Court for further proceedings in accordance with law.

APPEAL by Central Transport, Inc., from *Crissman, J.,* November 19, 1959, Civil Term, of GUILFORD (High Point Division).

On March 13, 1959, Central Transport, Inc., hereafter called applicant, filed with the North Carolina Utilities Commission, hereafter called Commission, an application for enlargement of its existing rights under its (intrastate common carrier) Certificate No. C-543. Applicant, as authorized by said certificate, was engaged in the transportation of petroleum products in bulk in tank trucks, as an irregular route common carrier, in certain prescribed territory in North Carolina. Its application was for *additional* authority, namely, authority to transport liquid commodities in bulk in tank trucks throughout the State of North Carolina.

Maybelle Transport Company and Ryder Tank Line, Inc., intervened and filed protests. The matter was heard May 14, 1959, by Commissioner Worthington. (G.S. 62-26.1) Evidence was offered by applicant and by protestants.

The recommended order of Commissioner Worthington (G.S. 62-

26.2), entered May 29, 1959, contains these findings of fact: "(1) Public convenience and necessity exists for the common carrier transportation authority sought by the applicant in this application in addition to presently authorized and existing transportation service. (2) The applicant is fit, able and willing to render the proposed service on a continuing basis." It amended applicant's Certificate No. C-543 so as to confer upon applicant, effective July 1, 1959, the additional authority for which it had applied. Protestants filed exceptions to said findings of fact and to other provisions of said recommended order. (G.S. 62-26.3)

The Commission, by order of July 23, 1959, overruled all of protestants' exceptions and affirmed in all respects Commissioner Worthington's order of May 29, 1959. (G.S. 62-26.3) On September 1, 1959, the Commission, upon reconsideration (G.S. 62-26.6), affirmed its order of July 23, 1959, and also denied protestants' request that its effective date be postponed pending judicial review. Protestants then appealed to the superior court, bringing forward the exceptions they had theretofore directed to Commissioner Worthington's order of May 29, 1959.

After hearing in superior court, Judge Crissman entered an order which, in pertinent part, provides:

"The Court having reviewed the whole record, the exceptions filed by the protestants and the briefs filed by both the petitioner and protestants, and being of the opinion that the case should be remanded for further proceedings by the Commission as to whether a necessity presently exists for common carrier authority in addition to presently authorized and existing transportation service.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this matter be, and the same is hereby ORDERED remanded to the North Carolina Utilities Commission for further proceedings thereon in accordance with this order."

Applicant excepted and appealed.

*Fletcher & Lake and Martin & Whitley for applicant Central Transport, Inc., appellant.*

*J. Archie Cannon, Jr., for protestant Ryder Tank Line, Inc., and Allen & Hipp for protestant Maybelle Transport Company, appellees.*

BOBBITT, J. The cause was for hearing in the superior court upon protestants' exceptions to the Commission's findings and order. The court made no ruling on any of these exceptions. Instead, the order

of Judge Crissman remands the cause to the Commission for a determination, after further proceedings, of the precise question it had theretofore considered and decided. Notwithstanding, the arguments in this Court relate largely to questions raised by protestants' exceptions to the Commission's findings and order, not to the exception of applicant (appellant here) to Judge Crissman's order.

Judge Crissman's order does not purport to reverse, vacate or in any way modify the Commission's order. Presumably, applicant is now exercising the franchise rights granted by the Commission.

"Only a 'party aggrieved' may appeal from the superior court to the Supreme Court. G.S. 1-271"; *Buick Co. v. General Motors Corp.,* 251 N.C. 201, 205, 110 S.E. 2d 870. Moreover, G.S. 1-277, defining the right of appeal, "prescribes, in substance, that an appeal does not lie to the Supreme Court from an interlocutory order of the Superior Court, unless such interlocutory order deprives the appellant of a substantial right which he might lose if the order is not reviewed before final judgment. G.S. 1-277; *Veazey v. City of Durham,* 231 N.C. 357, 57 S.E. 2d 377; *Emry v. Parker,* 111 N.C. 261, 16 S.E. 236." *Raleigh v. Edwards,* 234 N.C. 528, 67 S.E. 2d 669, and cases cited.

Absent circumstances affording a basis for remanding the cause to the Commission, the only legal right of applicant adversely affected by Judge Crissman's order was the right to have the superior court consider and decide the questions presented by protestants' exceptions to the Commission's findings and order.

G.S. 62-26.9 prescribes the conditions under which, upon motion by any party, the court, in its discretion, may remand the proceeding in order that newly discovered evidence may be presented at a further hearing by the Commission. Nothing in the record indicates any party made such motion, or that any party desired to offer further evidence, or that newly discovered evidence was available. Hence there was no basis for the court, in its discretion, to remand the cause under circumstances contemplated by G.S. 62-26.9.

G.S. 62-26.10, in pertinent part, provides: "The court may affirm or reverse the decision of the Commission, declare the same null and void, or *remand the case for further proceedings;* or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are: (a) in violation of constitutional provisions or (b) in excess of statutory authority or jurisdiction of the Commission, or (c) made upon unlawful proceedings, or (d) affected by other errors of law, or (e) unsupported by competent, material and

substantial evidence in view of the entire record as submitted, or (f) arbitrary or capricious." (Our italics)

If a cause is remanded under G.S. 62-26.10, the order should specify the ground on which it is based and thereby indicate to the Commission the nature of its further proceedings. Judge Crissman's order does not do so. If Judge Crissman were of the opinion that the Commission's findings and order were "(e) unsupported by competent, material and substantial evidence in view of the entire record as submitted, or (f) arbitrary or capricious," a proper order would have reversed the Commission's order. There is nothing in Judge Crissman's order to indicate that such ground was the basis therefor. Indeed, the failure to disturb the Commission's order indicates it was not based on such ground.

This Court, under the circumstances, in the exercise of its power "to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the inferior courts (N.C. Const., Art. IV, sec. 8)," *Edwards v. Raleigh,* 240 N.C. 137, 81 S.E. 2d 273, deems it appropriate to vacate Judge Crissman's order and remand the cause to the superior court for consideration and decision of the questions raised by protestants' exceptions to the Commission's findings and order. It is so ordered.

For the reasons stated, the cause is remanded to the superior court for further proceedings in accordance with the law as stated herein.

Error and remanded.