Gxs'jcox, Judge.
 

 After stating the case as above proceeded. We concur with the judge in the opinion that the facts stated in the case do not constitute a legal defence to the
 
 Scire Facias. By the
 
 judgment on the appeal bond the sureties became absolutely fixed with the debt. They were no longer bound that
 
 Alston
 
 should pay the plaintiff, but they became bound, with
 
 Alston
 
 to pay the amount of the judgment to the plaintiff. Whatever therefore might yet have been the relation between the defendants and
 
 Alston,
 
 they were equally with
 
 *353
 
 him Hie debtors of the plaintiff* and nothing hut satisfaction, or what was equivalent to satisfaction, could discharge them at law from the judgment. The proceedings upon
 
 the levy
 
 against
 
 Mslon
 
 do not amount to a satisfaction as against him, and can not therefore be a satisfaction as to these defendants. . The case comes directly within the principles laid down in this Court in the matter of
 
 King
 
 and
 
 Morrison, (ante
 
 2
 
 vol. p. 341, )
 

 The case of
 
 King v Morrison (aiite
 
 3d
 
 rvoL p.
 
 341)citcd and approved.
 

 The Supreme Court is bound to render such judgment as upon inspection of the whole record, ought to have been rendered in the court below.
 

 A
 
 scire facias
 
 to revive judgment, though to some purposes a new action,is yet in the main to be regarded as the continuation of a former action.
 

 By the terms of the case agreed, the facts furnishing no defence against the
 
 Scire Facias,
 
 execution is to
 
 be
 
 awarded against the defendants. But here we are met with a difficulty which has occasioned some perplexity. We are bound by the express enactments of the statute under which this Courtis organized,to render such judgment as upon an
 
 inspection of the whole record, ought to
 
 have been rendered in the Superior Court.
 
 Mslon
 
 is not a party to the
 
 scire facias,
 
 and no agreement between the parties to it could authorize the Court to issue an execution against him and the defendants. Indeed wo cannot but understand the agreement
 
 to he,
 
 that an execution, if awarded, is to issue against the defendants only, and we understand the judgment also, though not formally and precisely expressed, to award such an exr ecution.
 

 Although the
 
 scire facias to
 
 revive a judgment is to sonic purposes a new action, yet in
 
 the main it is to he
 
 regarded as the continuation of a former action. It is a proceeding to enforce a judgment, already recovered. . It creates nothing anew, but only reanimates tiiat which had before existed, but whose vital faculties are suspen-pemlcd. If a judgment thereon be rendered for the plaintiff, it is not that he recovers any thing, (except his costs on th
 
 e scire facias,') but that he hare
 
 his execution for the debt, damages and costs, according
 
 to
 
 the force, form and effect of the recovery set forth in the
 
 scire
 
 facias.— If therefore, this recovery has been had against more than one person, the proceeding to enforce it must be against all, unless there be some fact of record which shews that the whole judgment has survived, or which in law warrants the collection of the whole judgment
 
 *354
 
 against some of them only; for tiie execution ought to follow the judgment, ami if this he-joint, so should bo the execution. Nor do we think any agreement of tine parties can authorize us to affirm ajudgment,which upon an inspection of the record appears to be erroneous. This court acquires jurisdiction, as a revising tribunal by
 
 appeal,
 
 and the extent of that jurisdiction as well as the manner of exercising it, must necessarily differ in many respects from that which is possessed and exercised by those tribunals which take cognizaucc of causes by writ of error. In these a release of errors may be pleaded, and on the plea being found, then the judgment is, not that the judgment below be affirmed, for they cannot affirm an erroneous judgment, but that the writ of error bo barred. '
 
 (See 2d William’s Saunders
 
 101,
 
 and the authorities there cited.}
 
 A writ of error is considered as a new action in which the plaintiff may bo non-suited, and when it is brought contrary to an agreement the Court may compel him to submit to a nonsuit. But when a case is regularly brought
 
 before
 
 this Court-by appeal, our duty is defined by law — to examine the record, affirm the judgment if it be correct, or reversing it as erroneous, render such judgment as in law ought to have been rendered in the Court from which the appeal was taken.
 

 The Supreme Court acquires jurisdiction as a revising tribunal, only by appeal, and its jurisdiction differs from that of those counts which take cognizance of causes by Wilt of error.
 

 When a
 
 sch 'fa.
 
 to revivo a judgment issues against three, anct only two arc summoned, it is admitted that tho third is insolvent and removed out of the State, the plaintiff may have execution against the two who are summoned.
 

 But wc think that there is enough apparent upon this record to warrant the judgment which lias been rendered. The
 
 scire facias
 
 recites indeed ajudgment against three, and calls on all of them to shew' causo wherefore an execution should not issue to enforce that judgment against them all. Two only are summoned, and they undertake to show cause. The truth of the matter ailedged is admitted by the plaintiff, and a part of it is, that the person not summoned is out of the State and insolvent. Upon this record and between these parties the
 
 facts
 
 so admitted must bo if true, then in law the execution form of the
 
 scire facias,
 
 ought to issue against the defendants only. It is stated in 1
 
 Roll’s Abridgment
 
 890
 
 pl.
 
 1
 
 and 2,
 
 and in
 
 Sergeant Williams’notes to 2d Saunders 227,
 
 that if there he judgment against two, and a scire
 
 facias
 
 issue against both to have execution, if it be re-regarded as[ conclusively true, and notwithstanding the
 
 *355
 
 turned that one is summoned, and lie makes default, and that the other has nothing, the, plaintiff may have exccu-j;()n f()1, 4])(, w]i0]e against him who was summoned and made default; and so likewise, if it be returned that one is dead and the other summoned, there shall be execution for the whole against the survivor. It appears then that the award of execution is not necessarily to pursue the form of the
 
 Scire Facias,
 
 but may be accommodated to what shall judicially he ascertained to he in 1 aw for enforcing the judgment, and also that if it appear of record that one of the defendants to the judgment cannot be summoned, and need not he summoned, for that he lias not the ability to be contributory to the payment of •the judgment, the execution for the n hole may rightfully issue against the other. A return of the officer declaring those facts, and the silence of the person summoned in regard to them, cannot place them upon the record more distinctly or conclusively than we find them here.
 

 The judgment is to be affirmed with costs.
 

 Pee Curiam. — Judgment aefirmbb.