F. M. RAWLINGS v. LIZZIE NEAL.

(Decided March 1, 1898).

*Practice—Printing Record—Rule of Court—Amendment—Husband and Wife—Right of Husband to Mortgage Wife's Crop—Trial—Admissions by Wife.*

1. An amendment of a Supreme Court Rule of practice as to printing the record on appeal does not apply to a case tried before the amendment was made.

2. A husband cannot mortgage crops made by his wife and children after his death on lands owned by his wife.

3. Where, on the trial of an action involving the title to crops mortgaged by a husband but made on the wife's land by herself and children after the husband's death, the widow admitted that her husband had the right to mortgage the crops but she denied having given him authority to do so; *Held*, that the admission was the admission of an erroneous proposition of law and is not binding on her.

CIVIL ACTION of claim and delivery, tried before *Timberlake, J.*, and a jury at Fall Term, 1897, of NASH Superior Court. The facts appear in the opinion. There was a verdict for the plaintiff, (under the instruc-

tions of his Honor) for the crops sought to be recovered, and from the judgment thereon defendant appealed.

*Mr. Spier Whitaker*, for plaintiff.

*Messrs. Battle & Thorne*, for defendant (appellant).

FURCHES, J.: When this case was called the plaintiff moved to dismiss the defendant's appeal for the reason that the record was not printed as required by Rule 29, and upon inspection it plainly appears that it is not. The printing and punctuation are both bad, and it is printed in a little pamphlet about two thirds the length required by the Rule. As this case was tried before the Rule was amended, we hold that it is not subject to the amended Rule, and, while we hold that this case is not subject to the amended Rule, we take occasion to say that we will expect the rule to be complied with in cases where it does apply.

The defendant is the widow of J. W. Neal, who died in April, 1896. He and his wife (the defendant) for several years had been, and were at the time of the death of the husband, living on a tract of land owned by the defendant. In February, 1896, the husband executed a crop lien to the plaintiff (or a mortgage, as it is called both, in the case, and no copy is sent) for the purpose of obtaining supplies to aid him in making a crop for the year 1896. In the lien was included a prior indebtedness of $126.81 according to the plaintiff's admission. The testimony tends to show that some supplies were gotten after the execution of this lien and before the death of the husband, and others were gotten by the defendant after the death of the husband, but charged to the husband. The crop of 1896 was made entirely by the labor of the defendant and her two children.

Upon this state of facts, the plaintiff claims the entire

crop of 1896, for which he brought this action, had the property seized and put into his posession. And the question before the Court was, is the plaintiff the owner of this crop or not?

It is not pretended that the defendant signed the lien papers, but it is claimed by the plaintiff that she knew her husband had made the lien and that he had been giving similar liens on previous crops to her knowledge, and that she had acquiesced in his right to do so.

The defendant knew that her husband had given similar liens and that he had used the proceeds of the crop raised on the land in discharging the same. But she denied that he had any authority from her to do so, and she denied knowing of the contract under which the plaintiff claims, until a short time before this action was commenced.

There is other property besides the crops involved in this action, a part of which, the defendant admits, belonged to her husband, and the cows and hogs were found to be her property. This leaves the contest to depend upon the title to the crops.

Whether a husband, who cultivates his wife's land by her consent, would not be entitled to a part of the crop, as another tenant would be, and if so, have the right to mortgage his part or to give a crop lien thereon, as discussed in *Wells* v. *Batts*, 112 N. C., 283, and *Branch* v. *Ward*, 114 N. C., 150, need not be discussed in this opinion—as it appears from the uncontradicted evidence in the case that these crops were raised by the defendant and her two children, after the death of the husband. This being so, and the crops being raised on her land, they belong to her.

And the question presented is, whether the husband had the right to mortgage the wife's property without

RAWLINGS *v.* NEAL.

her joining in the deed? We are of the opinion he had not, and that the plaintiff cannot recover these crops or any other property shown to be the defendant's. The case of *Bazemore* v. *Mountain,* 121 N. C., 59, was cited for the plaintiff. But that case is decided upon entirely different principles from those involved in this case, and there is no analogy between them.

The Court below appears to have put its ruling upon the ground that the defendant had admitted, on her cross examination, that her husband had the *right* to mortgage the crops. The defendant did make this admission. But she all the while denied that she had given him *any authority* to do so. So, this was the admission of an erroneous proposition of law, which the Court should have corrected. But the defendant at the date of this mortgage was a *feme* covert, and would not have been bound if she alone had made it. And certainly she could not be bound by her husband's mortgage, because she did not object to his making it, or by assenting verbally to her husband's making it. There is error and a new trial is awarded.

New trial.