U DRIVE IT AUTO COMPANY v. ATLANTIC FIRE INSURANCE
COMPANY.

(Filed 29 January, 1954.)

**1. Insurance § 45½—**

The terms "theft," "larceny," "robbery," and "pilferage," as used in a policy of automobile insurance, all denote loss or damage resulting from some form of larceny.

**2. Larceny § 1—**

Common law larceny is the felonious taking by trespass and carrying away by any person of the goods or personal property of another, without the latter's consent and with the felonious intent permanently to deprive the owner of his property and to convert it to the taker's own use.

**3. Insurance § 45½—Facts agreed held insufficient to show damage to car resulting from theft within coverage of policy.**

This action on a policy of automobile theft insurance was submitted to the court upon an agreed statement of facts to the effect that insured entrusted the automobile to an employee to drive it to a garage for repairs, that the employee, upon arrival at the garage, learned the job could not be done at that time, drove to his home for breakfast, and had an accident damaging the car while on the way back to the garage. It was also stipulated that the employee had been convicted of driving the car in violation of G.S. 20-105. There was no stipulation that the employee drove the vehicle without the consent of the owner or with intent to temporarily deprive the owner of possession of the vehicle. *Held:* Upon the facts agreed, the loss was not occasioned by larceny, and even if it be conceded that the terms "theft" or "larceny" as used in the policy should include the statutory taking of the vehicle as defined by G.S. 20-105, the facts agreed fail to show a violation of this statute, the statement to the effect that the employee had been convicted of violating this statute being a conclusion of law not binding on insured who was not a party nor privy to the criminal prosecution.

**4. Automobiles § 31½—**

To constitute a violation of G.S. 20-105, it must be made to appear that the offending driver drove the vehicle without the consent of the owner and with the intent temporarily to deprive the owner of his possession of the vehicle.

**5. Controversy Without Action § 4—**

Where the parties submit a cause to the court upon an agreed statement of facts, as distinguished from an agreement that the court should hear the evidence and find the facts, the facts agreed are in the nature of a special verdict, and in the absence of a statement providing otherwise, the court is without power to find facts not embraced in the agreement or to draw any inferences of fact except those necessarily implied as a matter of law.

**6. Same—**

While the parties may admit or agree on the facts submitted to the court for judgment, they cannot make admissions of law which will be binding on the courts.

APPEAL by plaintiff from *Grady, Emergency Judge,* at April Civil Term, 1953, of DURHAM.

Civil action to recover under a policy of automobile theft insurance, heard below upon an agreed statement of facts. These in gist are the facts agreed:

On 16 June, 1951, the plaintiff was insured under an insurance policy executed by the defendant covering the automobile involved here. The policy provides the following coverage: "Theft (Broad Form) Loss of or damage to the automobile caused by theft, larceny, robbery or pilferage."

On the date mentioned, Robert Bagley, an employee of the plaintiff, was instructed to drive one of the plaintiff's automobiles in the course of his employment to Elkin Motor Company in the city of Durham for repairs. The Motor Company was unable to make the repairs at the time Bagley delivered the automobile to it. Bagley then drove to his home on Cornwallis Road for breakfast. On his way back to Elkin Motor Company the car skidded off the road, turned over, and was damaged to the extent of $800. Following the wreck, Bagley was arrested, tried in the Recorder's Court of Durham County, and found guilty under a charge of violating G.S. 20-105, which is as follows:

"Any person who drives or otherwise takes and carries away a vehicle, not his own, without the consent of the owner thereof, and with intent to temporarily deprive said owner of his possession of such vehicle, without intent to steal the same, is guilty of a misdemeanor. The consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of such vehicle by the same or a different person. Any person who assists in, or is a party or accessory to or an accomplice in any such unauthorized taking or driving, is guilty of a misdemeanor."

Following Bagley's conviction, the plaintiff made demand upon the defendant for payment of the damage to the automobile, contending that such damage was within the coverage of the insurance policy. The defendant denied liability; whereupon this action was instituted.

Upon the facts agreed the defendant moved for judgment as of nonsuit. The motion was allowed, and from judgment entered in accordance with such ruling, the plaintiff appealed.

*E. C. Brooks, Jr., Gantt, Gantt & Markham, and E. K. Powe for plaintiff, appellant.*
*Henry Bane for defendant, appellee.*

JOHNSON, J. The single question presented by the facts agreed is whether a theft of the automobile was committed within the meaning of

the insurance policy sued on. The court below answered in the negative, and we approve.

The policy covers "Loss or damage to the automobile caused by theft, larceny, robbery or pilferage." "Theft" is the popular name for "larceny." Ordinarily the terms are synonymous. Ballentine's Law Dictionary, p. 1279; 62 C.J. 889; *Funeral Home v. Insurance Co.,* 216 N.C. 562, 5 S.E. 2d 820. And ordinarily the words "theft," "robbery," and "pilferage" all denote some form of larceny. *Ledvinka v. Home Insurance Co.,* 139 Md. 434, 115 A. 596, 19 A.L.R. 167; 32 Am. Jur., Larceny, Sec. 2, p. 885. Larceny, according to the common-law meaning of the term, may be defined as the felonious taking by trespass and carrying away by any person of the goods or personal property of another, without the latter's consent and with the felonious intent permanently to deprive the owner of his property and to convert it to the taker's own use. *S. v. Cameron,* 223 N.C. 449, 27 S.E. 2d 81; *S. v. Holder,* 188 N.C. 561, 125 S.E. 113; *S. v. Powell,* 103 N.C. 424, 9 S.E. 627; 32 Am. Jur., Larceny, Sec. 2, p. 883.

It is manifest that the plaintiff has failed to show a felonious taking of the automobile within the meaning ordinarily connoted by the terms "theft" or "larceny." This is virtually conceded by the plaintiff. It insists, however, (1) that the policy of theft insurance sued on includes statutory taking of a vehicle as defined by G.S. 20-105, and (2) that the facts agreed show a violation of the statute. In effect, the plaintiff takes the position that the terms of this statute may be treated as being incorporated in the insurance contract on the theory that the statute was within the contemplation of the parties and that they intended the coverage of the policy to include a taking within the meaning of the statute, and that the words "theft" and "larceny" as used in the policy should be so interpreted. See *Dunn v. Swanson,* 217 N.C. 279, 281, 7 S.E. 2d 563. It may be doubted that the doctrine of aider-by-statute has any such application as is urged by the plaintiff. See 5 Am. Jur., Automobiles, Sections 567, 568, and 569; Annotations: 14 A.L.R. 215; 19 *Id.* 740; 30 *Id.* 662; 38 *Id.* 1123; 46 *Id.* 534; 89 *Id.* 465; 152 *Id.* 1100, 1102; 160 *Id.* 947, 950.

But be that as it may, and conceding, without deciding, that the insurance policy sued on does include statutory taking of an automobile as defined by G.S. 20-105, even so, we think the facts agreed upon in the instant case are insufficient to show a violation of the statute.

To constitute a violation of this statute it must be made to appear that the offending driver (1) drove the vehicle "without the consent of the owner," and (2) with "intent to temporarily deprive" the owner of his possession of the vehicle.

Plaintiff's employee Bagley was entrusted with the automobile and directed to drive it to the garage for repairs. On arrival, he learned that

the job could not be done at that time. Bagley then drove the car to his home for breakfast. He was on his way back to the garage to have the repair job performed when the wreck occurred.

It is nowhere stipulated in the agreed statement of facts that Bagley in driving the car home for breakfast did so "without the consent of the owner," or that he intended "to temporarily deprive" the plaintiff of possession of the car. With the agreed case being silent as to both these essential elements of the statutory offense, no violation of the statute was made to appear. And the trial court had no power to infer the existence of these essential factual ingredients of the statutory offense.

This case was not submitted to the trial court for judgment based on its findings of fact. Instead, the parties submitted to the court only the question of law arising upon the facts agreed. G.S. 1-185; G.S. 1-172. The court would have been traveling out of its province, as well as out of the agreement in the agreed case, if it had undertaken to infer or deduce facts from those stipulated. *Bott v. McCoy,* 20 Ala. 578, 56 Am. Dec. 223.

When a case is tried on an agreed statement of facts, such statement is in the nature of a special verdict, admitting there is no dispute as to the facts, and constituting a request by each litigant for a judgment which each contends arises as a matter of law upon the facts agreed. *Hutcherson v. Sovereign Camp W. of W.,* 112 Tex. 551, 251 S.W. 491, 28 A.L.R. 823.

The general rule is that on submission of a controversy upon an agreed statement of facts, the court is without power, in the absence of a statement providing otherwise, to draw any inferences or find any facts not embraced in the agreement, unless as a matter of law such inferences are necessarily implied. *Hutcherson v. Sovereign Camp W. of W., supra; Rand v. Hanson,* 154 Mass. 87, 28 N.E. 6, 12 L.R.A. 574; 2 Am. Jur., Agreed Case, Sections 22 and 23.

We have not overlooked the stipulation, included in the case agreed, that Bagley was convicted in the Recorder's Court of Durham County of driving the car in violation of G.S. 20-105. This stipulation, being in the nature of an erroneous admission of law, rather than an admission of fact, may be disregarded. As against the defendant here, who was neither party nor privy to the criminal prosecution, this stipulation does not overthrow the legal effect of the specific facts agreed which discloses as a matter of law no violation of the statute. Although parties "may admit or agree on facts, they cannot make admissions of law which will be binding upon the courts." *Moore v. State,* 200 N.C. 300, 301, 156 S.E. 806. See also *Rawlings v. Neal,* 122 N.C. 173, 29 S.E. 93; *Binford v. Alston,* 15 N.C. 351.

In the final analysis it would seem that the plaintiff in this action is seeking to recover "Collision or Upset" benefits under a policy that provides no such coverage and for which no premium was charged or paid.

The judgment below is

Affirmed.