CARROLL, Judge.
This is an appeal by the defendant below from a summary judgment which was entered in favor of the plaintiffs for the value of a ring which disappeared from the finger of the appellee Ida S. Geller while shopping, during the course of visiting two stores in the 163rd Street Shopping Center, in Dade County. The trial judge’s order granting summary judgment stated as follows :
“That there are no issues of material fact and this cause resolves itself into a construction of a rider to Homeowners Insurance Policy, which rider is labeled ‘Extended Theft Coverage’ and reads as follows:
“ ‘Theft, meaning any act of stealing or attempt thereat, or mysterious disappearance (except mysterious disappearance of a precious or semiprecious stone from its setting in any watch or piece of jewelry).’
“That this Court will construe the above rider against the defendant and in so doing interprets the rider as providing coverage for ‘mysterious disappearance,’ without the necessity of the insured showing circumstances which suggest the probability of theft.”
*205 In so holding the trial judge was eminently correct. Where mysterious dis-' appearance is relied upon there is no need to show a reasonable probability that the disappearance was due to theft, because the language of the policy makes loss from mysterious disappearance equivalent to theft. That construction gives meaning and purpose to .the exception stated in the policy as to the loss of a stone from a setting or piece of jewelry. Thus in dealing with a similar policy provision, in the case of Conlin v. Dakota Fire Insurance Company, N.D.1964, 126 N.W.2d 421, 424, the North Dakota court made reference to the change in wording of the policy to include the mysterious disappearance clause, and then commented on it as follows:
“ T. Inclusion of Mysterious Disappearance: So much of the description of the peril of theft under the caption “Perils Insured Against,” in Section I of the form attached to this policy, as reads:
Theft, meaning any act of stealing or attempt thereat” is amended to read:
“Theft, meaning any act of stealing or attempt thereat, or mysterious disappearance (except mysterious disappearance of a precious or semi-precious stone from its setting in any watch or piece of jewelry).’” ■ ’
“If the amendment to include 'mysterious disappearance’ were intended to apply only to disappearance where theft was shown to be possible or probable, the exception of mysterious disappearance of a precious or semiprecious stone from its setting would be unnecessary.”
We have been shown no case on the point decided in this state, and while the rulings in other jurisdictions are not uniform, we approve the construction announced by the trial court, which is supported by Seward v. Assurance Co. of America, Super.Ct.App.Dep’t 1963, 218 Cal.App.2d Supp. 895, 32 Cal.Rptr. 821; Englehart v. Assurance Co. of America, La.App. 1962, 139 So.2d 108; Conlin v. Dakota Fire Insurance Co., supra.
Accordingly, the judgment appealed from is affirmed.