HAROLD ADLER v. LUMBER MUTUAL FIRE INSURANCE COMPANY

No. 40

(Filed 15 December 1971)

1. **Rules of Civil Procedure § 50— motion for directed verdict — consideration and sufficiency of evidence**

On defendant's motion for a directed verdict at the close of plaintiff's evidence in a jury case, the evidence must be taken as true and considered in the light most favorable to plaintiff; when so considered, the motion should be allowed if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff.

2. **Insurance § 142— recovery under homeowner's policy for theft — burden of proof**

In order to bring a loss within the theft provision of a homeowner's policy in which the word "theft" is defined as "any act of stealing or attempt thereat," plaintiff must offer evidence pointing

Adler v. Insurance Co.

to theft as the more probable cause of the loss—that is, evidence which (1) excludes the probability that the property was mislaid or lost and (2) points to larceny as the more rational inference.

**3. Insurance § 142— theft policy — mere disappearance of article**

The mere disappearance of an article covered by a theft policy which does not contain a specific provision dealing with disappearance is not sufficient of itself to warrant a finding that the loss was due to theft, larceny or burglary within the terms of the policy.

**4. Insurance § 142— homeowner's policy — theft of rings — mysterious disappearance**

Plaintiff's evidence was insufficient to be submitted to the jury in an action to recover under the theft provision of a homeowner's policy for the loss of two diamond rings where it tended to show only that plaintiff's wife placed the rings in a dish on a dresser at bedtime on 18 August and missed them on the morning of 20 August, that plaintiff's wife was absent from the home for two hours during that period and the doors were locked during her absence, and that there was an unlocked bathroom window through which intruders could have entered the house.

ON *certiorari* to review decision of the Court of Appeals (reported in 10 N.C. App. 720, 179 S.E. 2d 786) affirming judgment of *Winborne, District Judge,* November 1970 Civil Session of WAKE County District Court.

Action to recover the value of two diamond rings allegedly stolen from plaintiff's home, liability for the loss of which is denied by defendant under the terms of the insurance contract between the parties.

At the close of plaintiff's evidence the trial judge directed a verdict in favor of the defendant. The Court of Appeals affirmed and we allowed certiorari to review that decision.

*William T. McCuiston, Attorney for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay by Ronald C. Dilthey, Attorneys for defendant appellee.*

HUSKINS, Justice.

Under a "Homeowners Policy" of insurance issued by defendant, plaintiff was insured against loss by "THEFT, meaning any act of stealing or attempt thereat. . . . " The question posed on this appeal is whether the trial court erred in directing verdict for defendant and thereby denying recovery of the value

of two diamond rings which disappeared under the circumstances narrated below.

On 18 August 1969 plaintiff owned two valuable diamond rings which were habitually worn by his wife. On that date she removed the rings from her hand upon retiring for the night and placed them in a dish on a dresser in her bedroom. The next day she stayed home until 4:00 p.m. when she left the house for two hours. Upon leaving, she locked all the doors to the house; however, there was an unlocked bathroom window through which the house could have been entered by intruders. The following morning, 20 August 1969, while dressing for work, she reached into the dish for the rings and they were gone. She reported the loss of the rings to the police, and a detective came to the premises and made an investigation. She called his attention to the unlocked bathroom window. The police discovered no evidence of a break in and made no tests for fingerprints. No one has been charged with the theft of the rings. The dwelling was occupied by Mr. and Mrs. Adler, their eighteen-year-old daughter and a fourteen-year-old son. They have two pets, "a Chihuahua and a dog." The rings have never been recovered.

Plaintiff contends the foregoing facts, taken in the light most favorable to him, negate any cause for the loss save theft and are therefore sufficient to repel defendant's motion for a directed verdict and carry the larceny issue to the jury. We now explore the validity of that contention.

[1]   On defendant's motion for a directed verdict at close of plaintiff's evidence in a jury case, as here, the evidence must be taken as true and considered in the light most favorable to plaintiff. *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297 (1971) ; *Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971). When so considered, the motion should be allowed if, *as a matter of law,* the evidence is insufficient to justify a verdict for the plaintiff. *Kelly v. Harvester Co., supra.*

[2]   It must be recognized at the outset that plaintiff seeks recovery only under the theft provision of the policy and that the word *theft* is defined therein as "any act of stealing or attempt thereat." To bring his loss within the provisions of such policy, plaintiff is required to offer evidence of facts and circumstances pointing to theft as the more probable cause of the

loss—that is, evidence which (1) excludes the probability that the property was mislaid or lost and (2) points to larceny as the more rational inference. *Davis v. Indemnity Co.*, 227 N.C. 80, 40 S.E. 2d 609 (1946).

The insurance policy construed in *Davis* contained this provision: "Mysterious disappearance of any insured property shall be presumed to be due to theft." This Court held that a rule of evidence binding on the parties was created by that provision and the insured was thereby relieved from the necessity of producing evidence which would exclude the probability that the property was mislaid or lost and point to larceny as the more rational inference. Hence, a mere showing of mysterious disappearance was sufficient to carry the theft issue to the jury.

[3, 4] Not so here. In this case the mere proof of a mysterious disappearance raises no presumption of theft because the policy contains no provision to that effect. The mere disappearance of an article covered by a theft policy which does not contain a specific provision dealing with disappearance "is not sufficient of itself to warrant a finding that the loss was due to theft, larceny, or burglary within the terms of the policy, . . . " 44 Am. Jur. 2d, Insurance § 2047. Therefore, plaintiff is required to offer evidence of facts and circumstances surrounding the disappearance which excludes the probability that the rings were mislaid or lost and points to theft as the more rational inference. He has failed to carry that burden. His evidence, taken as true, shows: (1) The rings were placed in the dish at bedtime on 18 August 1969 and missed while Mrs. Adler was dressing for work on the morning of 20 August 1969; (2) Mrs. Adler was absent from the home for two hours during that period and the doors were locked during her absence; (3) there were no signs of breaking and entering; (4) the police did not try to lift fingerprints or to determine whether anyone had entered plaintiff's home through an unlocked bathroom window; (5) Mrs. Adler inquired "among my whole family if they had seen these rings"; and (6) no one has been charged with the theft of the rings. This evidence shows a mysterious disappearance and nothing more. The *mere possibility* of theft would not alone justify a jury in inferring theft as "the more rational hypothesis" for the plaintiff's loss. Rather, the absence of any suspicious circumstances pointing toward theft, other than the mere disappearance of the rings, suggests with equal logic that a theft did not in fact occur.

For factual situations showing suspicious circumstances pointing toward theft, see *National Surety Co. v. Fox,* 174 Ark. 827, 296 S.W. 718, 54 A.L.R. 458 (1927); *Reed v. American Bonding Co.,* 102 Neb. 113, 166 N.W. 196 (1918); *Caldwell v. St. Paul Mercury & Indemnity Co.,* 210 Miss. 320, 49 So. 2d 570 (1950). For a collection of cases construing and applying various provisions in theft insurance policies, see Annotation: Provisions of Burglary or Theft Policy as to Effect of Disappearance of Property, 12 A.L.R. 3d 865 (1967).

Absent evidence of facts and circumstances sufficient to justify the inference of theft as the more rational hypothesis, the Court of Appeals correctly affirmed the action of the trial judge allowing defendant's motion for a directed verdict. This conclusion renders other assignments moot.

The decision of the Court of Appeals is

Affirmed.