SCHWARTZ, Chief Judge.
In 1981, an employee of Universal Time, Inc. checked two suitcases containing valuable watches when he boarded a Miami-bound Braniff flight in Brownsville, Texas. Upon his arrival, only one of the cases was delivered to him. For reasons which have remained unknown, the other bag has never been found. After a non-jury trial, Universal Time recovered for the loss[1] on a Travelers Indemnity policy which insured it against “theft.” We reverse.
The term “theft” was not further defined in the policy. Most significantly, there was no reference to recovery for a “mysterious disappearance” either as a separately covered peril or, as in many such policies, by including such an occurrence, presumptively or otherwise, within the meaning of an insured “theft” itself. For this reason, the instant case is in sharp contrast to Michigan Millers Ins. Co. v. Geller, 168 So.2d 204 (Fla. 3d DCA 1964), in which this court held that the inclusion of such a provision rendered it unnecessary to show a reasonable probability that a disappearance had been caused by theft, and Conlin v. Dakota Fire Ins. Co., 126 N.W.2d 421 (N.D.1964), cited and followed in Geller, which allowed recovery on facts very similar to those here only because the policy likewise contained a mysterious disappearance clause. Compare also, e.g., Adler v. Lumber Mutual Fire Ins. Co., 280 N.C. 146, 185 S.E.2d 144 (1971) with Davis v. St. Paul Mercury & Indemnity Co., 227 N.C. 80, 40 S.E.2d 609 (1946); see generally, cases collected, Annot., Provisions of Burglary or Theft Policy as to Effect of Disappearance of Property, 12 A.L.R.3d 865 (1967).
Under the terms of a straight “theft” policy like Travelers’, however, the insured must adduce sufficient direct or circumstantial evidence that it is probable, that is, more likely than not, that the property was in fact stolen or wrongfully taken. Adler v. Lumber Mutual Ins. Co., supra; Long v. Glidden Mutual Ins. Ass’n, 215 N.W.2d 271 (Iowa 1974). Universal Time did not carry this burden. A showing that the insured property has disappeared is not itself sufficient to establish a “theft” within the meaning of such a term. 44 Am.Jur.2d Insurance § 2108 (1982). But that is all that the present record contains. It simply cannot be said that an airline’s mere nondelivery of a checked piece of luggage, without more, may more rationally be attributed to its having been stolen rather than lost or mislaid. Common experience would indicate that, if anything, the latter and not the former was what probably happened. In any event, as was said in Adler v. Lumber Mutual Ins. Co., supra,
This evidence shows a mysterious disappearance and nothing more. The mere possibility of theft would not alone justify a jury in inferring theft as 'the more rational hypothesis’ for the .plaintiff’s loss. Rather, the absence of any suspicious circumstances pointing toward theft, other than the mere disappearance of the rings, suggests with equal logic that a theft did not in fact occur, [e.o.]
185 S.E.2d at 147. Accord, First Citizens Bank & Trust Co. v. Canal Ins. Co., 49 N.C.App. 408, 271 S.E.2d 565 (1980); cf. e.g., Long v. Glidden Mutual Ins. Ass’n, supra (circumstantial evidence sufficient to show theft); Clark Equipment Co. v. Hartford Accident and Indemnity Co., 227 Kan. 489, 608 P.2d 903 (1980) (same); compare, Conlin v. Dakota Fire Ins. Co., supra.
It was, in sum, a matter only of speculation and conjecture that, as is necessary to establish an insured-against “theft,” the suitcase had been deliberately and criminally taken. American Fire and Casualty Co. v. Sunny South Aircraft Service, Inc., 151 So.2d 276, 278 (Fla.1963); Phoenix Assurance Co. v. Eppstein, 73 Fla. 991, 994, 75 So. 537, 538 (1917); 5 Appleman, Insurance *989 Law and Practice § 3171 (1970). Neither in this, nor any other area of the law, may a judgment based on. such a conclusion be upheld. Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla.1961); Voelker v. Combined Ins. Co. of America, 73 So.2d 403 (Fla.1954). The judgment under review is therefore reversed and the cause remanded with directions to dismiss the action against Travelers with prejudice.
Reversed.

. There was an agreement to settle the plaintiff’s action against Braniff which unfortunately was reached only shortly before the airline found itself in bankruptcy court.