SIDNEY C. MITCHELL AND TUGGLE, DUGGINS, MESCHAN & ELROD, P.A., PLAINTIFFS v. WILLIAM F. ROTHWELL, DEFENDANT

No. 8818SC536

(Filed 30 December 1988)

1. **Bills and Notes § 20— conditional delivery of demand promissory note—insufficiency of evidence**

Evidence was insufficient to require the trial judge to submit to the jury an issue of conditional delivery of a demand promissory note where the only supporting evidence was defendant maker's testimony that the note was executed only for the period of time necessary for him to get his wife to join him in executing a deed of trust on their home, and that the note was to be discarded after the deed of trust was executed or his wife refused to sign it.

Mitchell v. Rothwell

**2. Bills and Notes § 19— defenses of impossibility and duress—directed verdict for plaintiff proper**

In an action to recover on a demand promissory note, the trial court properly granted plaintiff's motion for directed verdict on the issues of impossibility and duress, since defendant seemed to argue that his inability to get his wife to sign a deed of trust in order to secure another $300,000 promissory note should relieve him of responsibility on the $300,000 demand promissory note, but plaintiffs here were not seeking to enforce the unexecuted secured promissory note; the promissory note was signed after considerable negotiations had taken place between plaintiff's attorney and defendant; and there was no threat by plaintiffs of any legal action or any other kind of threat which forced defendant to execute the note.

**3. Bills and Notes § 20— requested instruction given in substance**

In an action to recover on a demand promissory note, the trial court properly instructed the jury on the issue of consideration, even though the instructions did not follow defendant's request word for word.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 6 January 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 7 December 1988.

This is a civil action wherein plaintiffs seek to recover $300,000.00 pursuant to a promissory note executed by defendant. The evidence offered at trial tends to show the following:

In 1984, plaintiff Mitchell instituted a civil action against Manufacturing Technology, Inc. (hereinafter MTI) to recover for commissions allegedly owed to him under his contract of employment with MTI. On 8 July 1985, a settlement was reached and a consent judgment entered awarding plaintiff Mitchell $498,773.45. On 19 July 1985, plaintiff Mitchell procured an execution based upon the Consent Judgment. This execution was delivered to the Sheriff of Guilford County who, on 19 July 1985, levied on the premises of MTI by padlocking its offices. When defendant Rothwell, a substantial creditor and acting manager of MTI, learned that the MTI offices had been padlocked, he called plaintiff Mitchell's attorney to set up a meeting. Plaintiff Mitchell's attorney, Kenneth R. Keller, then of the law firm Tuggle, Duggins, Meschan & Elrod, P.A., agreed to meet with defendant on 22 July 1985 to discuss the situation.

At the meeting on 22 July 1985, defendant told Keller that he wanted the doors of MTI opened so that outside accountants could complete their audit of MTI's records and books. These ac-

countants had been hired by defendant to audit MTI's accounts so that MTI could obtain an infusion of capital from potential financial investors. Keller agreed to remove the levy of execution in exchange for some form of collateral or security. The only collateral that defendant possessed that plaintiffs were willing to accept was a house located in Charlotte owned jointly by defendant and his wife. Keller and defendant agreed that if defendant would execute a promissory note for $300,000.00 to be secured by a deed of trust on defendant's house, then plaintiffs would permit MTI to be opened and remain open until the audit was completed. Defendant assured Keller that he would go to Charlotte and make every effort to persuade his wife to sign the deed of trust. The deed of trust would take at least one day to be prepared, signed by both defendant and his wife, and recorded. Defendant did not want to wait to get MTI opened, so in order to get MTI opened immediately, defendant signed a note promising to pay plaintiffs $300,000.00 on demand. Keller and defendant then went to the Sheriff's office together and had the levy of execution removed. Thereafter, defendant went to Charlotte to talk to his wife but was unsuccessful in his attempt to get her to sign the deed of trust. On 24 July 1985, defendant called Keller to inform him that the deed of trust would not be executed. Keller informed defendant that plaintiffs would proceed to relevy execution and close MTI. On 26 July 1985, Keller sent written notice to defendant demanding payment of the $300,000.00 demand promissory note. Keller also had execution reissued, and the MTI premises were closed. Within a few weeks after the levy of execution was reissued, MTI filed for bankruptcy.

On 3 December 1986, plaintiffs filed a complaint against defendant seeking to recover on the $300,000.00 demand promissory note. At trial, the following issues were submitted to and answered by the jury as indicated:

1. Was the promissory note, Plaintiffs' Exhibit No. 4, given for consideration?

ANSWER: Yes

2. Was there a failure of consideration on the part of the Plaintiffs, which failure released the Defendant from any further obligation on the promissory note, Plaintiffs' Exhibit No. 4?

ANSWER: No

3. Did the parties at the time of the signing of the promissory note enter into an agreement by the terms of which the Plaintiffs would withdraw execution of the MTI judgment and withhold it until an audit of the business records of MTI was performed and delivered to venture capitalists, as alleged by the Defendant?

ANSWER: No

4. If so, did the Plaintiffs materially breach such agreement?

ANSWER: _____

5. What amount are the Plaintiffs entitled to recover of the Defendant?

ANSWER: $370,931.27

From a judgment entered on the verdict, defendant appealed.

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Michael D. Meeker, and Jan Y. Bostic, for plaintiff, appellee.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by William L. Stocks, and Douglas E. Wright, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first assigns error to the trial judge's refusal to submit to the jury an issue of conditional delivery of the demand promissory note and to instruct the jury thereon. Defendant argues the evidence, when considered in the light most favorable to him, was sufficient to raise an inference that the $300,000.00 note in question was delivered to plaintiffs on condition that it would be destroyed or rendered invalid if defendant was unsuccessful in getting his wife to execute the deed of trust to secure the other promissory note. Resolution of the question presented requires a careful analysis of the evidence to determine whether any construction of the evidence presented does in fact raise a reasonable inference that the demand note was delivered conditionally. The burden is on defendant to offer evidence tending to show non-liability on the note "and if the testimony on that point,

considered in the light most favorable for him, afforded any competent evidence in support of his contention, he was entitled to have it submitted to the jury with appropriate instructions from the court as to all material phases of the case presented by such evidence." *Perry v. Trust Co.*, 226 N.C. 667, 670, 40 S.E. 2d 116, 118 (1946).

Defendant argues the following testimony elicited at trial is sufficient to raise an issue of conditional delivery:

> As to whether when I signed the promissory note here, I intended to be personally obligated to the amount of $300,000.00 on the note, that promissory note was signed to cover the time that it would take me to go to Charlotte and get my wife to sign the deed of trust and to execute the deed of trust so that it would go to Keller, and that was conditioned on the other. As to what was going to happen if I did not get the secured note, if I were successful in getting my wife to sign the deed of trust, then that promissory note would have been discarded. As to what was going to happen to the promissory note if I didn't get my wife to sign it, then there was no validity to either document. It was going to be discarded again.

This evidence does not prove any condition precedent to defendant's liability on the demand note. This evidence leads to the conclusion that the promissory note was not to be considered valid under any set of circumstances. Regardless of whether defendant procured his wife's signature, the note was to be "discarded," and defendant would not be liable. We hold no construction of the evidence raises an inference of conditional delivery of the demand promissory note.

[2] Defendant next contends the trial court erred in granting plaintiffs' motions for directed verdicts on the issues of impossibility and duress. Defendant argues there was sufficient evidence presented to submit the issues to the jury. Defendant further argues in his brief that "[i]t is submitted that the evidence supported the defendant's position that his inability to provide the deed of trust as collateral for the term of note was due to an impossibility not of his own making or responsibility." He seems to argue that since he could not get his wife to sign the

deed of trust in order to secure the other $300,000.00 promissory note, he should not be held liable for the demand note in question.

Plaintiffs here are not seeking to enforce the unexecuted secured promissory note, Instead, they are seeking to recover on a fully executed demand promissory note. Defendant signed the note at the 22 July 1985 meeting, and there is no evidence in the record which would be sufficient to justify a verdict for defendant on the defense of impossibility. *See Adler v. Lumber Mutual Fire Insurance Co.*, 280 N.C. 146, 185 S.E. 2d 144 (1971).

In support of his contention that the trial court erred in granting a directed verdict for plaintiffs on the issue of duress, defendant cites *Link v. Link*, 278 N.C. 181, 179 S.E. 2d 697 (1971). In *Link*, the husband used the threat of instituting legal proceedings to obtain sole custody of the children to force his wife to transfer, without other consideration, her rights to certain stocks and debentures. The court held for the wife, finding that there was evidence to support a finding of duress. Defendant claims that the evidence in the present case, when viewed in the light most favorable to him, is similar to that in *Link*. Defendant argues that plaintiffs knew that defendant and his companies were substantial creditors of MTI and that MTI's financial difficulties adversely affected defendant and his companies. Defendant further contends that plaintiffs wrongfully used the levy of execution on MTI's premises in order to coerce a grossly unfair payment from him "which was not related to any legal obligation" defendant had to plaintiffs.

Defendant's contentions are not supported by inferences that could be drawn from the evidence presented. According to defendant's own testimony at trial, plaintiff Mitchell obtained a levy of execution on 19 July 1985, before defendant was aware that such action would be taken. Defendant testified that prior to this levy of execution, he was not threatened with the action in any way by any of plaintiffs. After MTI's premises were padlocked, it was defendant who contacted plaintiffs about setting up a meeting to deal with the situation and to get MTI opened up again. Defendant further testified that he was adamant about getting MTI opened that same day and told Keller that "inasmuch as I had to have the place opened right now, I would not have any problem in signing a promissory note for [$300,000.00]. . . ."

The evidence in the present case is clearly distinguishable from that of *Link*. The promissory note here was signed after considerable negotiations had taken place between Keller and defendant. There was no threat by plaintiffs of any legal action, indeed there was no threat of any kind. In our opinion, the trial court did not err in directing a verdict in favor of plaintiffs as to the defense of duress. No construction of the evidence raises any inference from which a jury could find defendant signed the note while under duress or that it was impossible for defendant to perform.

Defendant next argues the trial court erred in the manner in which it conducted the charge conference. Citing no cases as authority, defendant contends the verdict of the jury must be "reversed" because the judge did not inform defendant of the precise wording of the instructions at the conference.

Here, the judge discussed with the attorneys what issues were going to be submitted and told them that the jury instructions would follow the applicable law on the issues submitted. We find no conceivable prejudicial error in the manner in which the judge conducted the "charge conference."

By Assignment of Error No. 4, defendant argues the "trial court erred in its instructions to the jury on how the issues should be answered and considered." While some of the judge's instructions with respect to how the issues were to be answered could have been confusing, when considered contextually and as a whole, it is obvious that the trial judge made it clear as to how the issues were to be addressed and answered by the jury. This assignment of error is meritless.

[3] In his last argument, defendant contends the trial court erred in its instructions to the jury on the issue of consideration. Defendant submitted a request for instruction concerning consideration which stated, "A promise by the plaintiffs to withdraw and withhold execution on MTI would be a thing of legal value and, when given in exchange for a promise to pay, would constitute good and valid consideration." Defendant argues that he is entitled to a new trial because the judge omitted the words "and withhold" when the judge instructed the jury on the issue of consideration.

Although the judge did omit the words "and withhold" from the jury instructions, the record reveals that Issue No. 3 was submitted to the jury as follows:

> 3. Did the parties at the time of the signing of the promissory note enter into an agreement by the terms of which the Plaintiffs would withdraw execution of the MTI judgment and withhold it until an audit of the business records of MTI was performed and delivered to venture capitalists, as alleged by the Defendant?

> ANSWER: No

This issue, as submitted, embraced defendant's theory that the consideration bargained for was not only the withdrawal of the execution of MTI, but the withholding as well. The jury was not deprived of a chance to rule in defendant's favor on the issue of consideration. In fact, the jury was given that opportunity and chose to answer "No" to that issue. This assignment of error, like the others, has no merit.

No error.

Judges ARNOLD and ORR concur.