HAROLD ADLER v. LUMBER MUTUAL FIRE INSURANCE COMPANY

No. 7110DC215

(Filed 31 March 1971)

1. **Rules of Civil Procedure § 50— motion for directed verdict — consideration of evidence**

   On appeal from the granting of a motion for directed verdict, all the evidence tending to support plaintiff's claim must be taken as true and considered in the light most favorable to him, giving him the benefit of every reasonable inference which legitimately may be drawn therefrom, with conflicts, contradictions and inconsistencies being resolved in plaintiff's favor.

2. **Insurance § 141— homeowner's policy — theft of rings — insufficiency of evidence**

   Plaintiff's evidence was insufficient to be submitted to the jury in an action to recover under a homeowner's policy for the alleged theft of two diamond rings where it tended to show only that plaintiff's wife placed the rings in a dish on a dresser and that the rings were not there when she returned to pick them up two days later.

APPEAL by plaintiff from *Winborne, District Court Judge,* 16 November 1970 Session of WAKE County, the General Court of Justice, District Court Division.

Plaintiff brought this action against the defendant insurance company alleging a contract of insurance with the defendant, a loss thereunder, and a denial of liability by the defendant.

Plaintiff introduced into evidence a homeowner's policy issued by the defendant. The policy afforded coverage to the plaintiff against direct loss to unscheduled personal property by reason of theft. Testimony by the plaintiff and his wife tended to show that the plaintiff's wife had been wearing two diamond rings on or about 18 August 1969. She took the rings off and put them in a dish on her dresser. She only wore the rings when she was going out or to work, and she was home the next day so she did not wear them. About four o'clock that afternoon, she went to the shopping center and was gone from the home for two hours. The following morning as she was getting ready to go to work, she reached for the rings and discovered them missing. She reported the loss to the police and a detective came out and investigated but did not check for fingerprints or find any sign of forced entry. The house was locked while Mrs. Adler was at the shopping center, but there is a window that could be easily opened from the outside. There was no evidence of anything in the house being disarranged or missing. Only the rings were not there.

At the close of plaintiff's evidence, the defendant moved for a directed verdict. From an order of the court granting defendant's motion for a directed verdict, the plaintiff appeals to this Court.

*William T. McCuiston for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay by Ronald C. Dilthey for defendant appellee.*

CAMPBELL, Judge.

[1] Plaintiff assigns as error the granting of defendant's motion for a directed verdict. On appeal from the granting of a motion for directed verdict, all the evidence tending to support plaintiff's claim must be taken as true and considered in the light most favorable to him, giving him the benefit of every reasonable inference which legitimately may be drawn therefrom, with contradictions, conflicts and inconsistencies therein being resolved in plaintiff's favor. *Anderson v. Mann,* 9 N.C. App. 397, 176 S.E. 2d 365 (1970). If the evidence thus considered

---

Adler v. Insurance Co.

---

is insufficient to go to the jury, the granting of the motion for a directed verdict must be upheld.

The policy in question provides coverage for loss by theft and defines theft as follows:

> "THEFT, meaning any act of stealing or attempt thereat and, as to Coverage C (on premises), including theft of property covered from within any bank, trust or safe deposit company, public warehouse, or occupied by or rented to an Insured, in which the property covered has been placed for safekeeping.

> Upon knowledge of loss under this peril or of an occurrence which may give rise to a claim for such loss, the Insured shall give notice as soon as practicable to this Company or any of its authorized agents and also to the police."

[2] In order for plaintiff to recover under the terms of this policy, he must offer some evidence of loss by theft. Considered in the light most favorable to him, the plaintiff's evidence only shows that the rings were placed in a dish on his wife's dresser and were not there when she returned to pick them up two days later. No evidence, circumstantial or otherwise, was presented that would allow the jury to find that the loss was by theft. At most plaintiff's evidence established a mysterious disappearance.

The plaintiff relies on the case of *Davis v. Indemnity Co.*, 227 N.C. 80, 40 S.E. 2d 609 (1946). In that case, the policy had a provision to the effect that the mysterious disappearance of any insured property shall be presumed to be due to theft. No such provision is present in the policy held by plaintiff. The North Carolina Supreme Court, in *Davis v. Indemnity Co., supra,* speaking of the type policy that is now under consideration, stated:

> " . . . But all mysterious disappearances are not the result of theft. Hence, frequently, proof of the mysterious disappearance of property alone was held insufficient to support a verdict; and if there was no evidence of a breaking and entry or other circumstance pointing to theft as the more probable cause of the loss, a recovery under the policy was not permitted. . . . "

The directed verdict was properly granted on the grounds that plaintiff's evidence was insufficient to go to the jury on the issue of theft. This issue being determinative of the case on appeal, we do not consider plaintiff's other assignment of error.

The judgment of the District Court is

Affirmed.

Judges BRITT and HEDRICK concur.