RICHARD M. HAWKINS AND R. M. WILLIAMS v. STATE CAPITAL IN-SURANCE COMPANY

No. 846SC852

(Filed 7 May 1985)

**1. Insurance § 128— fire insurance—property vacant—directed verdict for defendant proper**

There was no reversible error where the trial court erroneously directed a verdict for defendant insurance company in an action to recover under a fire insurance policy on the grounds that the hazard of fire was increased by means within the control and knowledge of the insured. A condition of the policy was that insurance coverage was suspended if the building was vacant or unoccupied for a period of sixty consecutive days and the uncontroverted evidence was that the house had been unoccupied for more than ninety days prior to the fire. G.S. 58-176(c).

**2. Insurance § 128— fire insurance—vacancy clause—no waiver**
> A provision in a fire insurance policy providing for suspension of coverage
> if the building was unoccupied for more than sixty days could not be waived as
> a matter of law as to subsequent vacancies where the defendant's agent had
> knowledge that the property was vacant when the policy was issued but two
> different tenants occupied the premises before the fires. G.S. 1A-1, Rule 8(c).

APPEAL by plaintiffs from *Walker, Judge*. Judgment entered
19 March 1984 in Superior Court, HALIFAX County. Heard in the
Court of Appeals 5 April 1985.

This is a civil case in which plaintiffs, Richard M. Hawkins
and R. M. Williams, seek to recover benefits pursuant to a fire in-
surance policy issued to them by defendant, State Capital Insur-
ance Company.

The essential facts are:

Plaintiffs were owners of several rental houses in and around
Roanoke Rapids in Halifax County. In January, 1979, plaintiff
Hawkins contacted defendant's agent, Mr. Roy Wilkins, for the
purpose of obtaining insurance on a rental house located on Wood
Street, approximately one-half mile west of Roanoke Rapids. Haw-
kins and Wilkins visited the property prior to the issuance of the
policy. The property was insured in the amount of $6,000 under a
policy issued for the period of 16 January 1979 to 15 January 1982
for a yearly premium of $48.00.

On 13 May 1981 at 11:55 p.m., the Davie Fire Department re-
sponded to a small fire at the rental house. The fire was extin-
guished and the firemen found the windows and doors closed, but
the doors were not locked. The fire department estimated the
damage caused by the fire to be $250.00. The cause of the fire
was listed as undetermined. Plaintiff Hawkins received telephone
notification of the fire at approximately 1:00 a.m. on 13 May 1981
and went to the property. Finding the fire department already de-
parted, Hawkins left and did not attempt to secure the house.

At approximately 4:15 a.m. on 14 May 1981, the fire depart-
ment again responded to a fire at the property in question. This
time, the house was totally destroyed. Again, the cause of the fire
was listed as unknown. Hawkins was notified of the second fire
and went to the house. Hawkins told Assistant Fire Chief David

Padgette that the house had been empty "for the last twelve months."

Plaintiffs' claim under the policy was denied by defendant. Plaintiffs filed suit and the case was tried before the Honorable Russell G. Walker, Jr. and a jury. At the close of all the evidence, the trial court directed verdict for defendant. In his judgment, Judge Walker stated:

> The Court being of the opinion that the motion should be allowed on the basis of Defendant's THIRD DEFENSE, suspension of the coverage while the hazard of the fire was increased by means within the control and knowledge of the insureds, and that a directed verdict may be appropriate on some or all of Defendant's other affirmative defenses but that rulings thereon are now unnecessary.

Plaintiffs appeal and defendant cross assigns as error the trial court's failure to rule on defendant's other affirmative defense of vacancy or unoccupancy of the insured premises for more than 60 days.

*Cranford and Whitaker by Dwight L. Cranford, for plaintiff-appellants.*

*Young, Moore, Henderson and Alvis, by Walter E. Brock, Jr., for defendant-appellee.*

EAGLES, Judge.

The issue here is whether the trial court erred in entering a directed verdict in favor of defendant at the close of all the evidence presented. We find no reversible error.

[1] On appeal from the granting of a motion for directed verdict, all the evidence tending to support plaintiff's claim must be taken as true and considered in the light most favorable to him, giving him the benefit of every reasonable inference which legitimately may be drawn therefrom, with contradictions, conflicts and inconsistencies therein being resolved in plaintiff's favor. *Adler v. Insurance Co.*, 10 N.C. App. 720, 179 S.E. 2d 786, *aff'd*, 280 N.C. 146, 185 S.E. 2d 144 (1971). If the evidence thus considered is insufficient to go to the jury, the granting of the motion for a directed verdict must be upheld. *Id.*

The policy in question provides in a section entitled "Conditions suspending or restricting insurance":

Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring

(a) While the hazard is increased by any means within the control or knowledge of the insured; or

(b) While a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days.

This language is required by G.S. 58-176(c).

Here, the trial court granted a directed verdict for defendant on the grounds that the hazard of fire was increased by means within the control and knowledge of the insured. Our examination of the record indicates that plaintiffs made some attempts to safeguard the premises in question including going to the house to check doors and windows and placing a "posted" sign on the premises. While there is strong evidence in the record to indicate actual abandonment of the premises in question, we cannot say that if plaintiffs' evidence had been believed, a jury could not have found for plaintiffs on the issue of increased hazard. Accordingly, we hold that the trial court erred in entering a directed verdict in favor of defendant on its defense of increased hazard. However, as a condition of the policy in question, we note that insurance coverage is suspended if the described building is vacant or unoccupied for a period of sixty consecutive days. On this issue, the following testimony by plaintiff Hawkins is determinative:

Q: Now, Mr. Hawkins, there really is no question in your mind that there was no tenant in this house [nor] any amount of furniture for use by tenants for a period of ninety days or more before the fire occurred?

A: No sir, that's correct.

Q: In other words, to ask you differently, the house was vacant and it was unoccupied for more than ninety days prior to this fire.

A: Yes, sir. To be honest with you, yes, sir.

Q: Of course, you knew that before the fire, that is, that [it] was vacant during that period of time?

A: Yes sir, uh-huh.

We also note that Assistant Fire Chief Padgette testified that Hawkins told him at the time of the second fire that the house in question "had been empty for the last twelve months." This evidence is uncontroverted. Accordingly, unless there is a waiver of this condition by defendant, plaintiffs are barred as a matter of law from recovering under their policy of insurance and a directed verdict for defendant is proper.

[2] Waiver and estoppel must be pleaded as affirmative defenses. G.S. 1A-1, Rule 8(c). *Laughinghouse v. Insurance Co.*, 200 N.C. 434, 157 S.E. 131 (1931). *Cf., Stuart v. Insurance Co.*, 18 N.C. App. 518, 197 S.E. 2d 250 (1973) (not necessary to plead waiver where case tried on that theory and written notice to agent of non-occupancy admitted at trial). Here, waiver was never pleaded by plaintiffs.

However, there could be no waiver as a matter of law for the vacancy that occurred prior to the fires that ultimately destroyed the rental house. In *Fire Fighter's Club v. Casualty Co.*, 259 N.C. 582, 131 S.E. 2d 430 (1963), our Supreme Court noted that policy provisions which merely suspend the insurance during an unpermitted vacancy period, as is the case here, have been held not to provide a waiver of the policy provision entirely where the property is vacant at the issuance of the policy, but only a waiver during that particular vacancy. A waiver is applicable to conditions known at the inception of the policy because policy provisions restricting the power of an agent to waive conditions are construed to apply to occurrences after the policy is issued. *Johnson v. Insurance Company*, 172 N.C. 142, 90 S.E. 124 (1916). Vacancies which occur after the policy has been issued cannot be waived by the issuing agent. *Greene v. Insurance Co.*, 196 N.C. 335, 145 S.E. 616 (1928).

Here, the evidence is uncontroverted that the insurer's agent had knowledge that the property in question was vacant when the policy was issued because of renovations to the property. However, two different tenants had occupied the premises since the policy was issued and before the fires. Accordingly, any

subsequent vacancies could not be waived by defendant's agent under our law. *Greene v. Ins. Co., supra.*

Our court's holding in *Wells v. Insurance Company*, 43 N.C. App. 328, 258 S.E. 2d 831 (1979), *cert. denied*, 299 N.C. 124, 261 S.E. 2d 926 (1980), does not apply where the evidence is uncontroverted, as it is here, that there was no expectation that the property would remain vacant when the policy was issued.

For the reasons herein stated, we hold that a directed verdict for defendant is proper because there was a vacancy in the insured premises for more than sixty consecutive days in violation of a condition of the insurance policy in question. The order of the trial court is modified accordingly. The remaining assignments of error are without merit.

Modified and affirmed.

Judges WHICHARD and JOHNSON concur.