**STEWART SLEEP CENTER, INC., a Florida Corporation, d/b/a Matter Brothers Furniture, Plaintiff,**

v.

**ATLANTIC MUTUAL INSURANCE COMPANY, a New York Corporation, Defendant.**

No. 92–95–CIV–FTM–22(d).

United States District Court, M.D. Florida.

Sept. 22, 1993.

Douglas Leon Grose, Tampa, FL, A. John Hughes, Jr., Fort Myers, FL, for plaintiff.

John J. Pappas, Butler, Burnette & Pappas, Tampa, FL, for defendant.

### MEMORANDUM OPINION AND ORDER

GAGLIARDI, Senior District Judge:

This is a motion by Defendant, Atlantic Mutual Insurance Company (hereinafter Atlantic Mutual), for judgment as a matter of law, or in the alternative for a new trial pursuant to Federal Rules of Civil Procedure 50(b) and 59 following a jury verdict of $385,-882.43 in favor of Plaintiff, Stewart Sleep Center, Inc., d/b/a Matter Brothers Furniture (hereinafter Matter Brothers). Matter Brothers moves for attorney's fees, prejudgment interest and costs. For the reasons set forth below, Atlantic Mutual's motions are denied and Matter Brothers' motion is granted.

This diversity action was originally commenced in the Florida state courts and was removed to the district court pursuant to 28 U.S.C. § 1441.

## I. FACTUAL BACKGROUND

On April 4, 1991 Atlantic Mutual issued a fire insurance policy effective for one year to Matter Brothers for real and personal property damage and lost profits covering Matter Brothers' retail furniture stores located in several cities on Florida's West Coast, including on Cleveland Avenue in Fort Myers. Matter Brothers is a family owned company headed by Stewart Matter, Sr., who at the time in question had relinquished day to day control of the various stores to his sons.

Some time after the Fort Myers store had closed on Sunday, September 8, 1991 a fire broke out at the store causing the damage for which recovery is sought in this suit. An immediate investigation conducted by the fire department established that the fire originated under a cabinet unit which rested on a number of extension cords. The employee who closed the store told the fire marshall that he had shut off the circuit breaker for this outlet upon leaving; the fire marshall discovered upon inspection of the breaker, however, that it remained on, which led him to conclude that a short circuit had caused the fire and that the origin was the wires under the cabinet.

Matter Brothers promptly notified Atlantic Mutual of the loss and that it had hired Chuck Howarth as its public adjuster to assist in the settlement of the claim. Atlantic Mutual's adjuster, Chris Schleicher, arrived the following day, Monday, September 9. Over the next few days, the two adjusters, employees of Matter Brothers and employees of a salvage company hired by Atlantic Mutual conducted an inventory of the damaged personal property. Schleicher was given access to the premises, the employees, and all the documentation that he requested.

On Friday, September 13 the two adjusters had reached an agreement on the amount of the personal property loss. The only aspect of the personal property claim on which they had failed to reach agreement was the value of the profit on goods sold but undelivered. This amount represented several thousand dollars out of a claim in excess of $400,000. The adjusters agreed that the real property claim would be adjusted once estimates for repairs had been secured. On the same day, Stewart Matter, Sr., on behalf of Matter Brothers, executed a non-waiver agreement at Atlantic Mutual's request which secured to Atlantic Mutual the right to continue to investigate the claim and raise any defense to it despite the agreement on the value of certain aspects of the claim.

The adjustors' initial focus was on the personal property loss in order to allow Matter Brothers to reopen its store as quickly as possible. In order to do so, Matter Brothers had to decide whether to take a percentage settlement on the personal property damage and hold a fire sale or take a 100% settlement and turn all the damaged goods over to Atlantic Mutual. Based on the agreement on the amount of the personal property claim, Matter Brothers reopened the store the week following the fire and undertook the sale of the damaged goods in addition to its normal operations.

In the preceding five months Howarth had adjusted two claims with Atlantic Mutual on Matter Brothers' behalf. In April a tornado had torn the roof off of a Matter Brothers warehouse causing $500,000 damage. In July the driver of a stolen vehicle had driven through the doors of a Matter Brothers facility igniting the building and causing $700,000 damage. In each claim, damage figures were agreed to prior to submission of a proof of loss, and Atlantic Mutual disbursed funds in exchange for a sworn proof of loss. In both claims this occurred within three months of the loss.

Chuck Howarth pursued settlement of this claim in the same manner. He secured an estimate on the damage to the building within a short time after the fire and communicated it to Schleicher. In an attempt to reach agreement on the real property loss figure and the profit loss figure, Howarth contacted Schleicher on a weekly basis. Atlantic Mutual neither secured its own estimate of the cost of repairing the building nor requested further information of Matter Brothers prior to November 25, 1991. The parties made no further progress toward an agreement on the outstanding elements of the claim. Prior to November 25, 1991 Matter Brothers became aware that Atlantic Mutual had received the report of an expert on

the cause and origin of the fire. Despite repeated requests for this information, it was not made privy to the report's conclusions.

At some point prior to November 25, 1991, in contrast to its past practice, Atlantic Mutual requested that Matter Brothers submit proofs of loss prior to reaching an agreement on the loss figures. On November 20, 1991 it submitted a proof of loss on the personal property damage. It omitted any loss incurred as a result of profit lost on goods sold because of the failure to reach agreement on a method for evaluating it. It also chose not to make a business interruption claim. On December 11, 1991 it submitted a proof of loss for real property damage.

By letter dated November 25, 1991 Atlantic Mutual's counsel informed Matter Brothers that it believed that the fire was intentionally set and requested that Matter Brothers submit to a statement under oath and produce extensive documentation on January 9, 1992. The documentation requested included personal income tax returns, bank statements, books of account and tax returns of all businesses the Matters were involved with, and copies of all promissory notes. Later requests included additional personal financial information, sales tax records and financial statements of the business in addition to those requested immediately after the fire. Based on this letter, its knowledge that Atlantic Mutual had retained counsel on September 23, the different manner in which this claim was being handled, and Chuck Howarth's advice, Matter Brothers concluded that it needed to retain counsel and did so. In the interim it began the process of gathering the requested documentation and sent some of it to Atlantic Mutual.

On January 9, 1992, two of the Matters, Chuck Howarth and Matter Brothers' legal counsel attended a statement under oath. They turned over all of the documentation requested that they had been able to secure. At some point during that meeting, Atlantic Mutual disputed the Matters' assertion that an agreement had been reached regarding the loss figure for personal property. This precipitated the conclusion of the meeting.

That same morning Matter Brothers filed suit against Atlantic Mutual in Florida state court stating a single claim for breach of contract. This complaint was never served. Pursuant to Atlantic Mutual's request, Matter Brothers agreed during January to attend further statements under oath and communicated in writing its agents' availability at any time and also supplemented the documentation already submitted. Atlantic Mutual never responded to its request to specify a date for further statements under oath.

On January 27, 1991 Matter Brothers filed an amended complaint which is the basis of this lawsuit.

## II. DISCUSSION

### A. THE CHARACTER OF THE EVIDENCE

Judgment as a matter of law will be granted if "there is no legally sufficient evidentiary basis for a jury to have found" for a party. Fed.R.Civ.P. 50(a). The motion should be granted where there can be but one reasonable conclusion as to the verdict. *Maccabees Mutual Life Ins. Co. v. Morton,* 941 F.2d 1181, 1184 (11th Cir.1991). When considering such a motion, a court must view all the evidence in the light most favorable to the non-moving party. *Id.* Where substantial conflicting evidence is presented such that reasonable people in the exercise of impartial judgment might reach different conclusions, the motion should be denied. *Id.*

Courts are reluctant to grant judgment as a matter of law where the moving party bears the burden of proof. James W. Moore & Jo Desha Lucas, *Moore's Federal Practice* § 50.02[1] (2d ed. 1993). In order to grant the motion, the Court must conclude that the evidence supporting the moving party's claim, here Atlantic Mutual's cooperation defense, was so overwhelming that no reasonable jury could not find for it. *Paschal v. Florida Pub. Emp. Relations Comm.,* 666 F.2d 1381 (11th Cir.), *cert. denied,* 457 U.S. 1109, 102 S.Ct. 2911, 73 L.Ed.2d 1319 (1982).

A new trial motion will be granted, on the other hand, when the verdict is contrary to the great weight of the evidence. *Watts v. Great Atlantic & Pacific Tea Co.,* 842 F.2d

307 (11th Cir.1988). The Court may evaluate the quality of the evidence, including the credibility of witnesses, but should not grant the motion unless the verdict is against the great, not merely the greater, weight of the evidence. *Id.*

■ The only issue that reached the jury was Atlantic Mutual's affirmative defense that Matter Brothers failed to cooperate in the investigation of the claim. Among the other "duties in the event of loss or damage," Defendant's Trial Exhibit 6A (portion labelled "Insurance For Merchants Building and Personal Property Coverage Form," § E.3.) [hereinafter Insurance Contract], that were made conditions of Atlantic Mutual's performance were the following two:

g. If requested, permit us to question you under oath at such times as may be reasonably required about any matter relating to this insurance or your claim, including your books and records.

. . . . .

i. Cooperate with us in the investigation or settlement of the claim.

*Id.*

■ Noncooperation is an affirmative defense to liability under an insurance contract under Florida law where such provisions are part of a policy. To succeed in avoiding liability under this theory, the insurer is required to prove the following four elements: 1) that the insured failed to cooperate as required in the contract; 2) that the failure was material to the determination of the claim; 3) that the failure caused the insurer substantial prejudice; and 4) that the insurer exercised due diligence and good faith in bringing about the insured's compliance with the cooperation requirement of the contract. *Ramos v. Northwestern Mut. Ins. Co.,* 336 So.2d 71 (Fla.1976); *American Fire*

& *Casualty Co. v. Collura,* 163 So.2d 784 (Fla.Dist.Ct.App.1964) *reasoning adopted in Ramos, supra,* at 75; *American Fire and Casualty Co. v. Vliet,* 148 Fla. 568, 4 So.2d 862 (1941); *United States Fidelity & Guar. v. Snite,* 106 Fla. 702, 143 So. 615 (1932). This rule applies whether the policy in question is a liability or an indemnity policy. *Leasing Service Corp. v. American Motorists Ins. Co.,* 496 So.2d 847 (Fla.Dist.Ct.App. 1986); *see also Bankers Ins. Co. v. Macias,* 475 So.2d 1216 (Fla.1985).[1]

The evidence presented at trial does not entitle Atlantic Mutual to judgment as a matter of law or a new trial. The weight of the evidence on all of the elements of Atlantic Mutual's defense strongly favors Matter Brothers.

There was overwhelming evidence that Matter Brothers did not breach its obligation to cooperate with Atlantic Mutual in investigating this claim. Atlantic Mutual voiced no complaint with Matter Brothers' cooperation prior to its letter of November 25, 1991, two and one-half months after the fire. Atlantic Mutual was aware that Matter Brothers had made business decisions based on the agreement reached concerning the value of the personal property loss. Matter Brothers' witnesses and Schleicher testified that Matter Brothers fully cooperated with Atlantic Mutual's cause and origin expert during his investigation as well.

The only evidence that it had breached its cooperation pledge was testimony by both parties' witnesses that Matter Brothers had not fully complied with the requests for financial records made of it on and after November 25, 1991. The material requested was extensive financial data relating to Matter Brothers and the individual members of the Matter family, allegedly necessary for

---

1. The jury was charged as follows:

The principal issue for you to decide, therefore, arises out of the defense asserted by the defendant. The defendant claims that the plaintiff failed to cooperate with the defendant's investigation of the fire and that such failure substantially interfered with its ability to investigate the claim.

With respect to this defense, the defendant must prove by a preponderance of the evidence the following four things:

First: That the plaintiff failed to cooperate in the defendant's investigation of the fire as the insurance contract required;

Second: That the failure to cooperate was material to the determination of the claim;

Third: That the failure to cooperate caused the defendant substantial prejudice; and

Fourth: That the defendant exercised due diligence and good faith in attempting to bring about the plaintiff's compliance with the contract's requirement of cooperation.

Atlantic Mutual's investigation of the cause of the fire.

It was reasonable for the jury to conclude that Matter Brothers had fulfilled its duty to cooperate in the investigation of the claim as early as late September when Chuck Howarth communicated an estimate on the real property damage to Chris Schleicher.

Scant evidence was presented by Atlantic Mutual that the information which was not supplied to it was material to the investigation or that it was prejudiced by Matter Brothers' failure to provide it. Chris Schleicher testified that Atlantic Mutual needed all the information requested to conclude its investigation. An accountant retained by Atlantic Mutual to review Matter Brothers' finances, Deborah Trunzler, testified that her work remained incomplete due to missing documents. Although both claimed that the information was material to such an investigation, their testimony did not indicate how Atlantic Mutual was prejudiced.

Little evidence was presented to indicate that Atlantic Mutual had fulfilled its obligation to exercise due diligence and good faith in bringing about Matter Brothers' cooperation. After completing its investigation of the claim, including having its own fire expert investigate the cause and origin of the fire, Atlantic Mutual took no further action until its November 25, 1991 letter. This letter indicated that it believed that the fire was intentionally set and indicated that no action could be taken in settlement of the claim until all of its demands were met. Atlantic Mutual did not indicate the basis of its suspicion.

Matter Brothers did everything asked of it unhesitatingly until it received the November 25 letter. After that point, Matter Brothers believed that Atlantic Mutual was doing nothing more than stonewalling its claim. Despite this, it attempted to comply with the requests for information and two members of the Matter family attended the statement under oath in addition to the one family member requested. At the statement under oath, Matter Brothers representatives fully cooperated, while Atlantic Mutual's agents behaved confrontationally and vexatiously.

Atlantic Mutual is not entitled to judgment as a matter of law or a new trial because the jury's verdict was well founded in the evidence. The evidence, taken in the light most favorable to Matter Brothers as well as when it is weighed by the Court, was overwhelmingly in Matter Brothers' favor.

### B. THE PROPOSED DEFENSE OF BREACH OF THE LAWSUIT PROVISION

Atlantic Mutual argues that the Court's rulings on the effect of the insurance policy's "lawsuit provision" were erroneous. A new trial may be granted where a court commits prejudicial error. If a party is prevented from presenting a valid theory of defense to the jury, this could be prejudicial error. Moore & Desha Lucas, *supra,* § 59.-08[2].

The insurance contract between Matter Brothers and Atlantic Mutual contains the following language in the "Commercial Property Conditions" section under the heading "Legal Action Against Us": "No one may bring a legal action against us under this Coverage Part unless ... there has been full compliance with all of the terms of this Coverage Part...." Insurance Contract, § D.1. [hereinafter lawsuit provision]. The coverage part contains "loss conditions" which include the duty to protect and preserve the damaged property, inventory the property, permit inspection of the property and related documents, submit to a statement under oath if requested, submit signed proofs of loss, and cooperate in the investigation or settlement of the claim. Insurance Contract, § E.

At trial, the Court ruled that at the very least Atlantic Mutual would have to show that it was prejudiced by the timing of the filing of the suit in order to avoid performing based on this provision. Since it could not proffer any evidence of prejudice, the Court declined to exclude evidence of cooperation rendered by Matter Brothers after the filing of the lawsuit and to charge the jury on any theory of defense based on the lawsuit provision.

It is Atlantic Mutual's position that the lawsuit provision is a condition of the contract and that it required Matter Brothers to

fulfill its duty to cooperate before filing suit against it. Any cooperation rendered after the filing of the suit, it argues, is irrelevant to the issue of whether this condition was met. It argues that at the time that the original complaint in this lawsuit was filed, Matter Brothers had not yet attended a requested statement under oath or produced all documents requested. Therefore, Matter Brothers breached the contract and it was "void." Defendant's Memo at 8.

There are myriad flaws in this position, not least among them being that such a provision cannot do more than postpone the time at which a lawsuit can be brought. Filing suit before such conditions are fulfilled does not constitute a breach of the contract, but merely a prematurely filed suit, assuming that the insured is not legally excused from fulfilling the conditions. Prematurity of a lawsuit is a matter that does not go to the merits of the action. Moore & Desha Lucas, *supra*, § 56.03; *see also Hull v. Brandywine Fibre Products*, 121 F.Supp. 108 (D.De.1954). Rather, it involves a "precondition requisite to the Court's going forward to determine the substantive merits of [a] claim." *Costello v. United States*, 365 U.S. 265, 284, 81 S.Ct. 534, 545, 5 L.Ed.2d 551 (1961).

The plea in abatement is reserved for matters which defeat an action on a basis other than its merits. *Bowles v. Wilke*, 175 F.2d 35 (7th Cir.1949); *Aetna State Bank v. Altheimer*, 430 F.2d 750 (7th Cir.1970); *Baer v. Fahnestock*, 565 F.2d 261 (3d Cir.1977); Moore & Desha Lucas, *supra*, § 56.03. Atlantic Mutual did not plead abatement based on a failure to fulfill the contract's conditions in its answer to the complaint, therefore, the issue of abatement was waived. Fed.R.Civ.P. 12(h); *see Aetna State Bank v. Altheimer*, 430 F.2d 750 (7th Cir.1970); *Brooks v. Woods*, 181 F.2d 716 (9th Cir.1950); John Appleman & Jean Appleman, *Insurance Law & Practice*, § 11588.

The issue of Matter Brothers' cooperation was raised as a substantive matter going to the merits of Matter Brothers' claims. Matter Brothers alleged in its pleadings that it had fulfilled the conditions of the contract. The issue of its cooperation under the contract was, therefore, in controversy. Abate-

ment would not have been appropriate if pled because there was nothing standing in the way of the court's determining the substantive issues of the case. *Costello*, 365 U.S. at 284, 81 S.Ct. at 544–45. The issue was a question of fact which was properly a question for the jury.

An insurer cannot prevent an insured from enforcing a contract by indefinitely failing to act on a claim. In this contract, the insurer has a specified time, 30 days, in which to pay a claim once the insured has complied with the loss conditions. Neither can an insurer prevent an insured from enforcing the contract by merely alleging that the insured has failed to comply with the loss conditions. Yet, this is just what Atlantic Mutual believes the lawsuit provision of its contract with Matter Brothers gave it a right to do.

Assuming that Atlantic Mutual's position on the interpretation and construction of this provision is correct, however, it is still not entitled to a new trial because it was not prejudiced as a result of the ruling. Matter Brothers had fulfilled all of the contract's loss conditions, including the duty to cooperate in the investigation of the claim, by the filing of this lawsuit on January 9, 1993. Therefore, even under its theory of defense, Atlantic Mutual would not have prevailed.

The evidence was that by January 9, 1992 Matter Brothers had made the damaged property and all requested information pertaining to it available for all purposes, had aggressively and in good faith negotiated the issue of the settlement figures, had reached agreement on the personal property claim, had submitted sworn proofs of loss on both the real and personal property claims, had submitted to a statement under oath and had supplied most of the additional financial documentation requested.

After January 9, 1992, a small amount of new information was supplied to Atlantic Mutual and a large amount of information that had been supplied previously was resupplied in the discovery process. The information provided by January 9, however, was sufficient to satisfy the contract's requirements. Therefore Atlantic Mutual could not have

been prejudiced by the ruling excluding its theory of defense based on the lawsuit provision.

The Court has considered the numerous additional grounds urged for a new trial. None of them merit discussion. Accordingly, the motion for a new trial based on the Court's rulings at trial is denied.

## C. ATTORNEY'S FEES AND INTEREST

Matter Brothers is entitled to an award of attorney's fees. Fla.Stat. ch. 627, § 428. Atlantic Mutual's arguments in opposition to this motion are frivolous. Matter Brothers is also entitled to an award of prejudgment interest, *Argonaut Ins. Co. v. May Plumbing*, 474 So.2d 212 (Fla.1985), and to an award of costs, Fla.Stat. ch. 57, § 041.

The matters of the amounts of the award of attorney's fees, prejudgment interest, and costs are hereby referred to Magistrate Judge George T. Swartz.

## III. CONCLUSION

Atlantic Mutual's motions are denied. Matter Brothers' motions for an award of attorney's fees, prejudgment interest, and costs are granted. The matters of the amount of attorney's fees, prejudgment interest, and costs to be awarded are hereby referred to Magistrate Judge George T. Swartz to hear and determine.

So Ordered.